PEARSON, TILLMAN, Chief Judge.
The defendant, Grady Goswick, appeals from a judgment and sentence entered pursuant to a jury verdict of guilty for the offense of aggravated assault. He has presented nine assignments of error under four points. The essential arguments advanced in support of each of the points will be discussed.
The factual background and events leading to the alleged commission of the offense charged follow. The prosecuting witness, William Newt Hudson, was at the time of the altercation, which was the basis for the charge, a constable in one of the justice of the peace districts in Dade County, Florida. The defendant was a bondsman, who wrote appearance bonds in the justice of the peace court for the same district. The defendant and Chester Eld-redge, his employee, came to the home of Virginia Reynolds where Hudson, a guest, was seated in the living room. Goswick and Eldredge went into the living room; Virginia Reynolds was in another room, but within a short time she entered the living room and found Goswick beating Hudson with a steel rod. The rod had formerly been a part of a piece of her furniture. She testified that when she asked what happened the defendant knocked her down. She fled from the house and called the police. By the time the police *865 arrived the prosecuting witness had been severely beaten.
The burden of appellant’s first point is that the court committed reversible error when it failed to instruct the jury that assault and battery is a lesser included offense under the charge of aggravated assault.
The appellant urges that the language of the Supreme Court in McCormick v. State, 153 Fla. 838, 16 So.2d 49[1] establishes that assault and battery is a lesser included offense of aggravated assault. He then reasons that it was the duty of the trial court under section 919.14, Fla.Stat., F.S.A.[2] to charge the jury as to the lesser offense of assault and battery. See Jimenez v. State, 1947, 158 Fla. 719, 30 So.2d 292, 295.
We think that this reasoning must fail and that it is not necessary for us to decide whether assault and battery is a lesser included offense of the statutory crime of aggravated assault.[3]
In Brown v. State, Fla. 1960, 124 So.2d 481, it was held that it was not error fundamental to the validity of the trial to fail to instruct upon a lesser included offense because the accused failed to request the instruction and failed by timely objection to bring the oversight to the attention of the trial judge.
In the instant case there was no written request for the instruction.[4] Immediately after the jury retired, counsel for the defendant moved as follows:
“If the Court please, as the jury has left the box and before it has begun its deliberations, the defendant objects to each and every of the general charges given the jury by the Court, and in particular the Defendant objects to the fact that the general charge of the Court in defining aggravated assault, simple assault, assault and battery and simple assault did not mention nor did it make it clear to the jury that if the jury found that the Defendant had been assaulted with a weapon which they had found not to be a deadly weapon then the verdict would be assault and battery.”
The motion to return the jury to the box was denied. Immediately after the verdict, the defendant orally moved for a new trial and included as one of the grounds: “The *866 Court erred in denying defendant’s motion to recall the jury and instruct the jury properly on the offense of assault and battery.”
We consider the objection raised to be too general to be the basis for reversal.
Of course this court will always consider whether an instruction was necessary in order for the defendant to have a fair trial. See Rule 6.16, F.A.R., 31 F.S.A. The evidence raised no real issue as to the aggravated nature of the assault. Upon the other hand, the principal defense was that the assault was induced by an attack from the person assaulted. We conclude therefore that the failure to instruct upon the offense of assault and battery was not prejudicial error.
The appellant’s second point urges error upon the trial judge’s failure to grant appellant’s motion for a mistrial. The motion was based upon the ground that the prosecutor had, in an attempt to impeach the testimony of Chester Eldredge, a witness for the appellant, brought out in cross-examination that the witness had previously invoked his constitutional privilege at the time he was subpoenaed before the state’s attorney. He was there asked to answer questions directed to matters which he later made the subject of his testimony at the trial. It is forcefully urged that the constitutional privilege against self incrimination is so important that it ought not to be impugned by such an embarrassment of the witness. The embarrassment is, of course, that suspicion and implications of guilt are cast upon the individual who claims the privilege.
There can be no issue as to the importance of a constitutional right. The question is whether it is necessary to restrict cross-examination in order to protect the right of a witness. We may further limit the issue by keeping in mind that the defendant’s right is not involved.[5] It is important that the witness chose to testify, after first having exercised his right not to do so.
Therefore cases dealing with the cross-examination of a defendant are not controlling. We refer to one because of the reasoning. The Supreme Court in Raffel v. United States, 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054,[6] held it was not reversible error to cross-examine a defendant concerning his refusal to testify in a prior trial. Mr. Justice Stone, speaking for the Court, stated that the safeguards against self incrimination are for the benefit of those who do not wish to become witnesses in their own behalf and not for those who do. He further opined:
“ * * * There is a sound policy in requiring the accused who offers himself as a witness to do so without reservation, as does any other witness. We can discern nothing in the policy of the law against self-incrimination which would require the extension of immunity to any trial, or to any tribunal, other than that in which the defendant preserves it by refusing to testify.”
Defendant points out that courts of other jurisdictions have held inadmissible testimony tending to show that a witness or party in a civil case had previously in a criminal proceeding exercised his constitutional privilege of refusing to testify as to matters that might tend to incriminate
*867 him.[7] The state urges that such testimony is admissible because the fact that a witness refused to testify before the state attorney making a criminal investigation has relevancy to the witness’ later testimony. The state contends that such testimony may show motive or interest of the witness.
It is the policy of the courts to allow great latitude in the cross-examination of a witness as to matters affecting his credibility. This is necessary because of the great interest that the public has in procuring the truth of issues tried. It is especially true whenever the subject of the cross-examination goes to the motive, interest, or animus of the witness as directed to a party. Stewart v. State, 58 Fla. 97, 50 So. 642.
The problem confronting this court was faced by the United States Court of Appeals, Second Circuit, in the case of United States v. Sing Kee, (2nd Cir.1957) 250 F.2d 236. In that case the Court held it was not reversible error for the government to cross-examine defendant’s witness disclosing that he had asserted the shield of the Fifth Amendment[8] to avoid answering certain questions put to him before the grand jury. Crucial to this issue, the Court reasoned, is whether the jury would be likely to equate the witness’ refusal to testify before the grand jury with the defendant’s guilt. The Court determined that evidence of the prior plea should only be excluded if the jury’s knowledge of the prior plea would improperly affect its belief in the defendant’s innocence or guilt, thus outweighing the purpose for the cross-examination, i. e., the effect on the credibility of the witness. In the Sing Kee case, the witness was the defendant’s lawyer; in the instant case, the witness is the defendant’s employee. Certainly, it can be argued, if a lawyer with his intimate knowledge of his client’s affairs may be cross-examined as to a prior plea, it is not improper to cross-examine an employee about his prior plea, because in both situations the jury would not consider the actions of one as the actions of the other.
Finally we turn to a consideration of public policy. Does it require a holding that the change of position by the witness ought not to be revealed? A reading of the cases cited convinces us that this is the basic concern of the courts who have decided the issue.
Perhaps it would be better if no mention were ever made of the fact that one person has exercised a constitutional right and that another has not. Then the persons wishing to exercise the right could not be criticised or censored by anyone. But such freedom from criticism does not exist in the exercise of any right.
All courts are daily concerned with the rights of the individual. No single right can be unreasonably extended at the expense of others. The requirement of the public that truth be displayed at criminal trials outweighs the right of a witness not to have it known that he has used the Fifth Amendment as a reason for failing to testify. Therefore we find that no error was committed.
Appellant’s third point urges error because the court admitted certain colored *868 photographs into evidence. One of the photographs to which objection was made showed an injury to Virginia Reynolds allegedly received at the same time the complaining witness was injured. Her presence during any extended portion of the time involved was a matter in conflict in the evidence. It is urged that this photograph tended to prove the commission of a separate crime and therefore it should have been excluded. We hold that the photograph illustrated a material fact in this case as evidence tending to establish that the witness was actually present at the time of the alleged beating.
Other photographs obj ected to were colored pictures of Hudson showing discoloration of bruises suffered by him. Appellant argues that such pictures inflamed the jurors. The Supreme Court of Florida has consistently held that when photographs are otherwise relevant they will not be excluded. E. g. Leach v. State, Fla. 1961, 132 So.2d 329; Mardorff v. State, 143 Fla. 64, 196 So. 625. The relevancy of the photographs is not in this case affected by the fact that they were taken at the hospital sometime after his admission.[9] Cf. Kitchen v. State, Fla.1956, 89 So.2d 667. The purpose of the evidence was to show the bruises. We know that a bruise does not often show immediately after a blow. The lapse of time was not sufficient to impair the evidentiary value of the photographs because of the possibility that another injury could have intervened.
Appellant implies that the photographs were to.o good; that they prejudiced him because the injury was too vivid. We must weigh the relevancy of the evidence against the possible sympathy invoked. Having done so we do not hold that the trial judge erred in the admission of the colored photographs.[10] Upon the issue of this trial the extent of the injury was relevant and the photographs accurately portrayed the injury.
Appellant’s fourth point urges reversal because of the failure of the trial judge to postpone the trial. The granting or denial of a motion for continuance will not be disturbed on review unless a clear abuse of discretion is shown. E. g. Henderson v. State, Fla.1956, 90 So.2d 447, 448; Andrews v. State, 134 Fla. 450, 184 So. 88. A review of the record before us does not demonstrate an abuse of discretion.
Having examined the record in the light of each point presented by the defendant and finding no reversible error, the judgment and sentence are affirmed.
Affirmed.

. “It is true that the court might, under the evidence, have found appellant guilty of an assault and battery and the sentence imposed might be authorized by the statute (Sec. 784.04, Fla.Stat.1941, F.S.A.) yet that does not cure the error.”

. “Determination of degree of offense
“If the indictment or information charges an offense which is divided into degrees, without specifying the degree, the jurors may find the defendant guilty of any degree of the offense charged; if the indictment or information charges a particular degree the jurors may find the defendant guilty of the degree charged or of any lesser degree. The court shall in all such cases charge the jury as to the degrees of the offense.”

. The crime of which the appellant is accused is set forth in Section 784.04, Fla. Stat., F.S.A., as follows:
“784.04 Aggravated Assault
“Whoever assaults another with a deadly weapon, without intent to kill, shall be guilty of an aggravated assault, and shall be punished by imprisonment in the state prison not exceeding five years or in the county jail not exceeding one year or by fine not exceeding three thousand dollars, or by both such fine and imprisonment.”

.“918.10 Charge to jury; request for instructions
“(3) At the close of the evidence, or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury.
“(4) No party may assign as error or grounds of appeal, the giving or the failure to give an instruction, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.”

. There are many cases which deal with the question of whether the prosecutor may show that a defendant refused to testify in a prior proceeding, such as before a grand jury, preliminary hearing, prior trial, etc. Maguire, Evidence of Guilt, p. 96 (1959), states that there is a marked split of authority as to whether the govefrnment may cross-examine a defendant about his initial taciturnity. See also in the same text the excellent collation of cases from different jurisdictions in the footnotes. Another excellent collation of cases may be found in 8 Wigmore, Evidence § 2273, n. 8 (McNaughton rev. 1961).

. But see Grunewald v. United States, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931.

. Appellant cites Loewenherz v. Merchants’ & Mechanics’ Bank, 144 Ga. 556, 87 S.E. 778; Barnhart v. Martin, 827 Ill.App. 551, 64 N.E.2d 743; Hall Motor Freight v. Montgomery, 357 Mo. 1188, 212 S.W.2d 748, 2 A.L.R.2d 1292; Hill v. Missouri Packing Co., Mo.App.1930, 24 S.W.2d 196. See also 2 A.L.R.2d 1297, which cites these cases.

. Although the Fifth Amendment, U.S. Const., U.S.C.A., applies only to Federal Courts and is not a limitation on the power of the states, it cannot be overlooked that Section 12, Declaration of Rights, Constitution of Florida, 25 F.S.A. “is a rescript of the Fifth Amendment, Federal Constitution”. State ex rel. Feldman v. Kelly, Fla.1954, 76 So.2d 798, 801. Therefore, the reasoning advanced in the opinions of the Federal Courts interpreting and applying the pertinent portion of the Fifth Amendment should be examined.

. In a prosecution for an aggravated assault, colored photographs taken at the hospital depicting the condition of the injured party were held to be admissible in Cordero v. State, 1956, 164 Tex.Cr.R. 160, 297 S.W.2d 174, 177.

. For a discussion on the admissibility of colored photographs, see the annotation beginning at 53 A.L.R.2d 1102 and eases cited.