143 So.2d 817 (1962)
Henry Grady GOSWICK, Petitioner,
v.
The STATE of Florida, Respondent.
No. 31669.
Supreme Court of Florida.
July 18, 1962.
Rehearing Denied September 13, 1962.
*818 Fuller Warren, Carey, Goodman, Terry, Dwyer & Austin and Angus M. Stephens, Jr., Miami, for petitioner.
Richard W. Ervin, Atty. Gen., and Herbert P. Benn, Asst. Atty. Gen., for respondent.
THORNAL, Justice.
By petition for a writ of certiorari we are requested to review a decision of the District Court of Appeal, Third District, because of an alleged conflict with a prior decision of this Court on the same point of law. See Goswick v. State, Fla.App., 137 So.2d 863.
We must determine whether a jury instruction on assault and battery should have been given in a trial where the defendant was charged with the crime of aggravated assault.
Petitioner Goswick attacked one Hudson by beating him with a steel rod. Goswick was informed against for the crime of aggravated assault. At the close of the evidence the trial judge charged the jury. Before the jury started its deliberations the defendant objected generally to the charges and also particularized his objection as follows:
"* * * in particular the Defendant objects to the fact that the general charge of the Court in defining aggravated assault, simple assault, assault and battery and simple assault did not mention nor did it make it clear to the jury that if the jury found that the Defendant had been assaulted with a weapon which they had found not to be a deadly weapon then the verdict would be assault and battery."
The trial judge declined to give the instruction regarding assault and battery. Goswick was convicted of aggravated assault as charged. On appeal the District Court of Appeal affirmed the ruling of the trial judge. Goswick v. State, supra. It is this decision which is now submitted for review.
The petitioner contends that the decision of the Court of Appeal conflicts with a prior decision of this Court in McCormick v. State, 153 Fla. 838, 16 So.2d 49.
The respondent contends that there is no conflict and, therefore, this Court is without jurisdiction to proceed.
The respondent argues that the Court of Appeal found it unnecessary to decide *819 "whether assault and battery is a lesser included offense of the statutory crime of aggravated assault." The Court of Appeal did announce this position in the opinion under review. It based this aspect of its decision on its conclusion that the objection raised by Goswick at the trial was "too general to be the basis for reversal." Despite its view regarding the sufficiency of the objection, the Court of Appeal, nevertheless, proceeded to consider whether an instruction on assault and battery "was necessary in order for the defendant to have a fair trial." Fla.App.Rule 6.16, 31 F.S.A. The Court of Appeal stated that "the evidence raised no real issue as to the aggravated nature of the assault." It then expressly concluded "that the failure to instruct upon the offense of assault and battery was not prejudicial error." An analysis of the decision of the Court of Appeal reveals that the court expressly passed upon the defendant's entitlement to the requested instruction on assault and battery and in doing so ruled adversely to Goswick's position asserted in his objection which we have quoted. Because of prima facie showing of a conflict between the instant decision and McCormick v. State, supra, we issued a writ of certiorari. After hearing oral arguments and a careful study of the record and briefs, we have concluded that the two decisions are in direct conflict on the same point of law.
The District Court properly recognized its obligation to determine whether the instruction was necessary in order for the defendant to have a fair trial. This Court has consistently acknowledged such a responsibility. When a trial judge undertakes to define an offense for the conviction of which an accused might be sent to jail, it is the duty of the judge to instruct the jury on the law of the case and to cover each essential element of the offense charged. This responsibility includes the duty to advise the jury regarding lesser included offenses which the record will support. When the failure to do so is brought to the attention of the trial judge, as was done here, it is error to refuse the charge. When the record indicates that an accused may properly be found guilty of a lesser offense than the one charged and when importuned to do so, the judge refuses to advise the jury that it may bring in a verdict for the lesser offense, such refusal is equivalent to informing the jury that the only offense subject to its consideration is the more serious charge. To this extent the defendant would be deprived of the opportunity to have the jury consider the less serious offense. Croft v. State, 117 Fla. 832, 158 So. 454; Motley v. State, 155 Fla. 545, 20 So.2d 798. Denial of such a privilege can hardly be classed as harmless.
In McCormick v. State, supra, this Court expressly stated that the evidence submitted to support a charge of aggravated assault might well be sufficient to support a finding of guilt of assault and battery. There is a substantial difference between the two crimes, as we shall see. However, under the cited decision it is clear that when the evidence in a trial for aggravated assault would support a conviction for assault and battery, certainly the trial judge should give an instruction covering the latter offense. This is particularly important in view of the greater severity of punishment which may be administered for one guilty of aggravated assault as contrasted to the punishment for assault and battery. Consequently, in holding that the trial judge properly refused to instruct upon the offense of assault and battery the Court of Appeal rendered a decision in direct conflict with the prior decision of this Court in McCormick v. State, supra.
There were no degrees of "assault" at common law. Wharton, Criminal Law and Procedure, Vol. 1, page 714. We therefore deem it important to note the distinction between the statutory crimes of aggravated assault and assault and battery. Aggravated assault is condemned by Section 784.04, Florida Statutes, F.S.A., as follows:
"Whoever assaults another with a deadly weapon, without intent to kill, *820 shall be guilty of an aggravated assault, and shall be punished by imprisonment in the state prison not exceeding five years or in the county jail not exceeding one year or by fine not exceeding three thousand dollars, or by both such fine and imprisonment." (Emphasis added.)
Assault and battery is condemned by Section 784.03, Florida Statutes, F.S.A., as follows:
"Whoever commits assault and battery shall be punished by imprisonment not exceeding six months, or by fine not exceeding five hundred dollars."
An aggravated assault as defined by the above statute requires only a general intent and not a specific criminal intent. Wharton's Criminal Law and Procedure, Vol. 1, page 716. An aggravated assault may be committed without a battery. The gist of the crime is found in the character of the weapon with which the assault is made. The use of a deadly weapon must be charged and proved. It is the nature of the weapon that characterizes the assault as "aggravated." Lindsey v. State, 67 Fla. 111, 64 So. 501; Knight v. State, 44 Fla. 94, 32 So. 110. By its decision under review the Court of Appeal appears to have given undue weight to the nature of the attack rather than the nature of the weapon. In aggravated assault the prime consideration is the character of the weapon. That is a jury question. In order to convict an accused of aggravated assault the state must establish that the assault was committed with a deadly weapon. A "deadly weapon" has generally been defined to be one likely to produce death or great bodily injury. Whether or not the weapon involved is to be classed as "deadly" is a factual question to be resolved by the jury under appropriate instructions. Lindsey v. State, 53 Fla. 56, 43 So. 87; Taylor v. State, 49 Fla. 69, 38 So. 380; Wharton Criminal Law and Procedure, Vol. 1, page 721.
The crime of assault and battery requires both an assault and a battery. A battery necessarily includes some actual physical contact with the victim, such as by striking him with the weapon which is employed. By contrast an assault does not require physical contact. Motley v. State, supra.
It is clear from the foregoing that the crime of aggravated assault, as defined by statute in Florida, does not require proof of a battery. It is sufficient to prove that the weapon employed in making the assault is deadly. However, the crime of aggravated assault may include a battery, such as when the accused not only assaults the victim with a deadly weapon but actually strikes him. Wendler v. State, 128 Fla. 618, 175 So. 255. If the weapon used is found by the jury to be a deadly weapon, even though there has also been a battery, the crime constitutes an aggravated assault. On the other hand, in a particular case, such as the one before us, the jury might conclude that the weapon was not deadly. Under such circumstances if the evidence reveals both an assault and a battery, the accused could be convicted of no more than assault and battery. This follows because an element essential to aggravated assault  the deadly weapon  is missing. If the weapon is not a deadly one and there is no battery, the crime would be a simple assault. Section 784.02, Florida Statutes, F.S.A.
The sum of the foregoing simply is that the crime of assault and battery is not necessarily a lesser included offense in the more serious crime of aggravated assault. Nevertheless, it is possible for the evidence in a particular case to reveal that an accused might properly be convicted of the lesser offense of assault and battery under a charge of aggravated assault, if there is a battery and the jury should conclude that the weapon was not deadly. Such was the situation in McCormick v. State, supra, and such was the situation in the instant case. As the petitioner *821 Goswick pointed out to the trial judge, he was entitled to have the jury instructed on the lesser offense, inasmuch as the jury could have brought in a verdict of guilty of such lesser offense if it concluded that the steel rod involved was not a deadly weapon. An instruction on assault and battery should not be given under a charge of aggravated assault, when there is no evidence of a battery. On the other hand, when the state's evidence reveals the commision of a battery as well as an assault, then the defendant is entitled to an instruction on assault and battery subject to the jury's determination regarding the character of the weapon employed.
For the foregoing reasons the decision of the District Court of Appeal is quashed and the cause is remanded to that court with directions to reverse the judgment of conviction and order a new trial.
It is so ordered.
ROBERTS, C.J., and O'CONNELL, CALDWELL and HOBSON (Ret.), JJ., concur.