LILES, Acting Chief Judge.
This is an appeal by two defendants, Johnny James Dey and Charles Tinsley Fowinkle, who were convicted of Aggravated Assault. The defendants were tried together in the lower court and their cases have been consolidated on appeal.
The complaining witness, William Grace, III, was entertaining a group of friends at his home in Fort Myers on New Year’s Eve. At some time during the evening, he went out to the breezeway of the Grace home to get cold drinks for his guests. While out in the breezeway, Grace was approached by a group of several boys, including Johnny James Dey and Charles Tinsley Fowinkle, who apparently intended to “crash” the party. They, the defendants, were uninvited. Grace told the group that the party was closed and asked them to leave. Further discussion took place whereupon someone in the group poured beer over Grace’s head and he was struck in the face several times with some type of blunt instrument. Grace could not say with any certainty which member of the group struck him or exactly what he was struck with. After the occurrence, a broken bottle was found on the breezeway, and Grace was taken to the hospital where it was discovered that his wounds were of an extremely severe nature.
A complaint was lodged with the City of Fort Myers, and its police officers conducted an investigation. A grand jury returned indictments charging that defendants :
“ * * * did unlawfully assault make, in and upon one William Henry Grace, III, with a deadly weapon, to-wit: a bottle, a further description of which is unknown to the grand jury, [they] not having premeditated design to effect the death of the said William Henry Grace, III. * * * ”
Defendants were tried by a jury and found guilty as charged.
On appeal several issues were raised. The first of which was whether the state established the corpus delicti of the crime of Aggravated Assault, and we believe the record reflects sufficient evidence to establish the commission of the crime charged. There is no doubt that William Grace, III, was unlawfully assaulted by someone in the group of party crashers, and that the defendants were among that group. While Grace himself- could not state what struck him, there was an abundance of medical testimony to the effect that his wounds were caused by some type of instrument like a stick, pipe, blackjack, or bottle that was probably round. Other medical testimony was to the effect that Grace’s injuries might well have resulted in his death. Defendants also admitted to an investigating officer that they were present at the Grace residence at the time of the assault.
*268 Aggravated Assault is, by definition, assault with a deadly weapon. § 784.-04, Fla.Stats. A deadly weapon is generally defined as one likely to produce death or great bodily harm. Goswick v. State, Fla. 1962, 143 So.2d 817. The evidence indicated that Grace was assaulted with an object likely to produce death or great bodily injury. Thus, there was prima facie showing that the crime of Aggravated Assault had been committed which was sufficient to establish the corpus delicti. Sciortino v. State, Fla.App.1959, 115 So.2d 93; Rowe v. State, Fla.1955, 84 So.2d 709.
The only other point raised by defendants that we need to consider is the argument that the lower court erred in admitting the testimony of a witness for the state, one E. L. Rasmussen. Rasmussen testified that while driving by the Grace home on the evening of the occurrence he overheard someone whom he could not identify say, “You shouldn’t have hit him with a bottle. You could’ve killed him.” This testimony was admitted over defendant’s objection as part of the res gestae. We believe it was harmful and prejudicial error to admit Rasmussen’s testimony into evidence.
In order for a declaration or statement to be admissible as part of the res gestae, it must appear that it was made by one who either participated in the transaction or witnessed the act concerning which the declaration or statement was made. 22A C.J.S. Criminal Law § 662(6). Rasmussen was not present when the actual assault took place, nor can it be said that the statement was heard as part of the transaction, nor so closely following the transaction as to become a part of it. Grace estimated the attack occurred about 10:00 p. m. Rasmussen stated that he drove by the Grace residence “Close to 10:00 o’clock or might have been 10 minutes before, might have been 20, 30 minutes.” He could not identify who made the statement and could not say that it was made by one who either participated in or witnessed the attack on Grace. Thus, Rasmussen’s testimony concerning what he overheard was not a part of the res gestae and, therefore, inadmissible.
The temptation to treat this testimony as harmless error must be resisted. Testimony places the two defendants at the Grace home at the time of the occurrence. Other testimony indicates they were the last to leave the scene. In view of these circumstances, the admission of Rasmussen’s testimony was prejudicial. It is the opinion of this court that the cause should be reversed and remanded for a new trial.
Reversed and remanded.
ANDREWS, CHARLES O., Jr., and PHILLIPS, CHARLES M., Jr., Associate Judges, concur.