PER CURIAM.
An information was filed against the defendant for committing the felony of mayhem. The information recites that “said defendant did cut, slit and mutilate the nose of one John Whitney Nixon, Jr., with a broken porcelain beer mug.” The defendant entered a plea of not guilty and waived jury trial.
At the conclusion of the state’s case in chief, the trial court reduced the charge to aggravated assault on defendant’s motion for a directed verdict. Defendant was found guilty of aggravated assault and sentenced to eighteen months in the state penitentiary.
The defendant contends that a charge of mayhem that fails to allege the use of a deadly weapon does not include the lesser offense of aggravated assault. Defendant also contends that the beer mug should not have been admitted into evidence without the establishment of an unbroken chain of possession from the time of the alleged assault or recovery of the beer mug to the time of its presentation in court.
 To include the lesser offense of aggravated assault, a charge must allege that the assault was made with a deadly weapon. Lindsey v. State, 53 Fla. 56, 43 So. 87 (1907). Our Supreme Court has defined a deadly weapon as “one likely to produce death or great bodily injury”, and stated that “[wjhether or not the weapon involved is to be classed as ‘deadly’ is a factual question to be resolved by the jury under appropriate instructions.” Goswick v. State, Fla.1962, 143 So.2d 817, 820.
The charge of mayhem alleged that the injury was caused by a broken porcelain beer mug. The trial judge, as trier of facts, found that the beer mug was a deadly weapon. Therefore, the charge of mayhem did include the lesser offense of aggravated assault. •
The victim testified that during the altercation in the back seat of his car with the defendant he saw something white up in the air' which was followed by a sharp blow on the side of his head. The victim . stated that the sharp blow was caused by something a lot harder than a fist, “like it could have been the beer mug hitting the side of my face, and then the handle breaking and cutting my nose”. The victim drove home and found the body of the beer mug without its handle in his car a short time after the incident. Approximately twenty minutes after the incident he returned to the scene of the incident and found the handle of the mug. A police officer testified that the victim gave him the beer mug and handle and that he retained custody of them until they were presented to the court.
' The testimony of the victim and of the police officer sufficiently identified and established continuity of possession to admit the beer mug and handle into evidence.
Therefore, the judgment appealed is affirmed.
Affirmed.