203 So.2d 24 (1967)
Richard F. ROGAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-833.
District Court of Appeal of Florida. Third District.
October 17, 1967.
*25 Robert L. Koeppel, Public Defender and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
CHARLES CARROLL, Chief Judge.
The appellant was informed against, charged with aggravated assault, alleging use of a flower pot as a deadly weapon. His motion to quash the information was denied. He was tried without a jury and was convicted and adjudged guilty of the crime charged. On appeal therefrom the appellant contends that the court erred in denying his motion to quash the information, and that the evidence was insufficient to support the conviction.
The determinative question is whether the flower pot was or could be held to be a deadly weapon. The gravamen of the offense of aggravated assault, as condemned by § 784.04 Fla. Stat., F.S.A., is the use of a deadly weapon in the assault.
"* * * An aggravated assault may be committed without a battery. The gist of the crime is found in the character of the weapon with which the assault is made. The use of a deadly weapon must be charged and proved. It is the nature of the weapon that characterizes the assault as `aggravated.'" Goswick v. State, Fla. 1962, 143 So.2d 817, 820.
In a prosecution for aggravated assault, the nature of an object used may be such as to present a factual question to be decided by the jury or the trier of the facts as to whether it is a deadly weapon. The "weapon" employed in the assault in this instance could be held to be a deadly weapon, depending on the evidence.[1] Therefore the trial court was eminently correct in denying the motion to quash the information.
By finding the defendant guilty of aggravated assault in this case the trier of the facts necessarily held the flower pot was a deadly weapon. A finding of fact by a trial court should not be rejected on an appeal if there is substantial competent evidence to support it. Here the evidence relating to the flower pot showed only that it was pretty heavy, one foot in diameter and filled with dirt. It was not shown whether the flower pot was made of concrete, glass, clay, cardboard, paper mache or other material. In Blitch v. State, Fla. App. 1967, 194 So.2d 1, recently decided by this court, the evidence showed that the implement there found to be a deadly weapon was a broken porcelain beer mug, and in that case the beer mug was introduced into evidence. Here, the flower pot alleged to have been used was not produced or presented in evidence. In our opinion there was not sufficient evidence upon which the trier of facts could properly hold that the flower pot was of such character as to be classified as a deadly weapon. The flower pot was thrown from outside, into a window of a residence. The complaining witness was inside, seated in a chair five feet from the window. The flower pot broke the glass but did not penetrate the screen. The screen also held out the broken glass, but dirt from the flower pot spilled through onto the floor of the room.
*26 However, the evidence adequately established that the defendant was guilty of the crime of assault, a lesser included offense of the crime of aggravated assault. Goswick v. State, supra. The flower pot was hurled in the direction of the complaining witness coincident with the voicing of a threat of bodily harm to her. There was no contact made with the complaining witness, and therefore no battery.
Accordingly, the judgment of conviction for the crime of aggravated assault is reversed and the sentence imposed thereon is set aside; and the cause is remanded with directions to the trial court to adjudge the defendant guilty of the lesser included offense of assault and to impose sentence appropriate to that offense.
Reversed and remanded with directions.
NOTES
[1] See Blige v. State, 20 Fla. 742, 51 Am. Rep. 628 (an iron scale weight); Goswick v. State, supra, Fla. 1962, 143 So.2d 817 (a steel rod); Bass v. State, Fla. App. 1965, 172 So.2d 614 (shoe); Dey v. State, Fla.App. 1966, 182 So.2d 266 ("some type of instrument like a stick, pipe, blackjack, or bottle that was probably round"); Maples v. State, Fla.App. 1966, 183 So.2d 736 (a cue stick); Blitch v. State, Fla.App. 1967, 194 So.2d 1 (a Beer mug).