PIERCE, Chief Judge.
Appellant Phillip Colainni appeals to this Court from a judgment of conviction entered against him by the Pinellas County Circuit Court.
On March 6, 1970, Colainni was informed against in two counts for the offense of aggravated assault. The first count charges the assault to have been committed upon one Thomas C. Johnson, and the second count upon one John Frederick. Upon plea of not guilty, Colainni was tried by a jury, resulting in his being found guilty on both counts. He was adjudged guilty by the Court and sentenced to a term of imprisonment in the State Prison. He appeals directly to this Court and urges as grounds for reversal (1) denial of his motion for judgment of acquittal on count 2 (the John Frederick count.), (2) admission into evidence “of an unrelated offense”, and (3) admission into evidence of certain rebuttal testimony. We affirm but will discuss briefly the three points raised.
(1) A capsule résumé of the testimony must first be made in the most favorable light to the State, inasmuch as the factual findings by the trial Judge, sitting as Judge and jury, was for conviction.
Thomas C. Johnson and John Frederick, aged 14 and IS years respectively and both students in the 9th grade at Tyrone Junior High School, were hitchhiking after school in St. Petersburg on January 16, 1970, at about 4 o’clock P.M., when a car came by driven by Colainni who was in the car by himself. At Colainni’s invitation the boys got in his car, both boys on the front seat with Colainni. The boys had decided to go “to the Youth Center and [intended to] *895 get out at 58th Street, the next light”, but before getting there Colainni asked them “if we wanted to make $5, to put chemicals into the trunk of his car”, to which the boys responded affirmatively.
Colainni then began driving along various streets and roadways, apparently headed towards “a warehouse”. Finally one of the boys asked him “where is the warehouse?” To which he replied that “there wasn’t any”. Frederick testified that “then he [Colainni] pulled out a hammer down beside the car * * * and then he grabbed Tommy [Johnson] by the neck and said ‘Do you know what a hammer could do to you?’, and then we said yes”; that then Colainni “said that he was queer, and he told us to pull our pants down to the knees”, which they did “because I [Frederick] thought he was going to hit Tommy on the head”. Frederick then continued, “then he told us to get out and go to the back of the car and stand there. And then he got out. And I asked him to put the hammer down to the side of the car, and he did that, and we got out. And then he stood there and looked at us, and then he told Tommy to go and sit in the front of the car and not look back. And he told me to get in the car”, which Frederick did, and then Colainni “started taking off all of his clothes and then he got into the car * * * in the front seat.” Colainni then prepared to engage in an unlawful sexual act, whereupon Johnson broke from the car and began running away. About that time Frederick made an outcry and “kicked open the door and started running after Tom”. Shortly after, the boys were picked up at the next road by a passing car which was waved down by the boys, who were completely nude.
The foregoing facts were established by the sworn testimony of the two boys and also the driver of the car who picked them up, a Mrs. Naomi Dehart.
At the conclusion of their testimony, the State rested. Motion was then made for acquittal upon count 2 with respect to the alleged assault upon Frederick. There is a complete' lack of merit in the motion. A hammer , can be a lethal weapon when so desired. Colainni had made positive threats to use it for such purpose against both boys. Both boys testified they were frightened at the time and their actions indicated as such.
The gist of the crime of aggravated assault is in the character of weapon with which the assault is made. It is the nature of the weapon that characterizes the assault as “aggravated”. McCullers v. State, Fla.App. 1968, 206 So.2d 30. Aggravated assault differs from simple assault through the addition of one element — use of a deadly weapon. Goswick v. State, Fla.1962, 143 So.2d 817. McCullers v. State, supra. Here the information alleged, and the proof established, that Colainni wielded “a ballpeen hammer”, which would certainly be classified by any authority as a dangerous or deadly weapon, one likely to produce death or great bodily harm by the use made of it. Garner v. State, 1891, 28 Fla. 113, 9 So. 835; Lindsey v. State, 1907, 53 Fla. 56, 43 So. 87; Solitro v. State, Fla.App.1966, 165 So.2d 223; Blitch v. State, Fla.App.1967, 194 So.2d 1. And the crime of aggravated assault may be committed without either a battery or a wounding. See cases cited, supra.
By the testimony of the three named State witnesses the case of aggravated assault was made out against Colainni under either or both counts of the information.
(2) Colainni contends that the trial Court committed reversible error in permitting evidence “regarding the sexual molesting of the two boys, after the State had shown the aggravated assault.” Such contention is untenable because it was all one episode. Colainni certainly cannot object to evidence of a sexual molesting because that was obviously his objective in committing the aggravated assault. There was no error in admitting such testimony.
*896 (3) The third and last point raised by Colainni is that the trial Court erred in permitting rebuttal testimony by State witness detective Carmody relative to identification of Colainni by the two boys at a photographic lineup and also in an actual lineup at the jail prior to trial. But Co-lainni’s defense in this case was an alibi and also vaguely one of identification. Colainni had already sought to inject these elements into the case by his own witnesses, including himself, and it was proper, or at least legally permissible, for the State to rebut such testimony by producing evidence of prior identification of Colainni as the actual perpetrator of the unlawful acts. In doing so there was no error.
The judgment of conviction appealed here is therefore—
Affirmed.
HOBSON and MANN, JJ., concur.