338 So.2d 547 (1976)
Tommy MILES, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1974.
District Court of Appeal of Florida, Third District.
October 12, 1976.
Phillip A. Hubbart, Public Defender, and Mark King Leban, Asst. Public Defender, and Michael Zelman, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen. and Brian H. Leslie, Asst. Atty. Gen., for appellee.
Before HENDRY and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL, Associate Judge.
By information, the defendant below was charged with having assaulted a named person "with a certain deadly weapon, to wit: a pistol". On a plea bargain, he pleaded guilty to the charge and adjudication of guilt and sentence were withheld and he was placed on probation for a designated *548 period on certain conditions. For a violation of the probation, which occurred a short time later, his probation was revoked, a judgment of guilt of aggravated assault was entered and he was sentenced thereon to imprisonment for a period of five years, less certain jail time served. Several months thereafter the defendant moved under Rule 3.850 RCrP for relief from the judgment and sentence.
On this appeal by the defendant from an order denying his motion for relief, it is contended the trial court failed to comply with the provision of Rule 3.170(j) RCrP which required that there be a determination by the court "that there is a factual basis for the plea of guilty."
At the hearing on the occasion of the entry of the guilty plea, the attorney for the defendant (public defender) stipulated that the facts constituted "an offense". In response to a request by the court to submit a proffer of the facts, the assistant state attorney stated that during the course of an argument the defendant struck the victim with a pistol (in Dade County). When asked by the court if that was "about what happened", the defendant answered: "Just about", and when asked by the court if there was anything else he wished to say, the defendant said: "No, sir, but one thing it wasn't a pistol". The court asked: "What was it?", and the defendant answered: "It was a toy". The item was not produced, and there was no inquiry or evidence as to the character of the toy, so as to determine, from its design, size, weight, etc., whether it was a deadly weapon.
The use or involvement of a deadly weapon in an assault is an essential element of the crime of aggravated assault. Goswick v. State, Fla. 1962, 143 So.2d 817; Colainni v. State, Fla.App. 1971, 245 So.2d 893; Monroe v. State, Fla.App. 1975, 318 So.2d 571.
A "deadly weapon" has generally been defined to be one likely to produce death or great bodily injury, and whether the weapon involved is to be classed as "deadly" is a factual question. Goswick v. State, supra, 143 So.2d 817 at 820.
When the facts submitted in this case as a predicate for the plea of guilty to the charge of aggravated assault showed an assault and battery but failed to show that a deadly weapon was involved, there was a lack of factual basis to support the defendant's plea of guilt of the crime of aggravated assault.
Here there was no showing or evidence upon which the court could determine whether the implement or "toy" involved in the assault and battery was a deadly weapon. Under those circumstances it was improper to accept the plea of guilty of aggravated assault and to enter judgment and sentence thereon.
Moreover, unless in entering his guilty plea the defendant was aware of the legal necessity that a deadly weapon be involved, and of the legal definition of a deadly weapon by which the implement or toy should be judged, (and it was not shown he had such awareness), his guilty plea to aggravated assault, as distinguished from assault and battery, was not voluntary. Monroe v. State, supra.
In view of the difference in the severity of those crimes, and the penalties therefor, it cannot be said that the plea of guilty to aggravated assault in the absence of a showing that a deadly weapon was involved did not result in manifest injustice. This case was different from one where on entry of such a plea a defendant denies use of a weapon, when evidence was presented that a deadly weapon was involved. Compare Williams v. State, Fla. 1975, 316 So.2d 267.
On authority of Kendrick v. State, Fla. App. 1975, 308 So.2d 152, and Monroe v. State, supra, the cause is remanded to the circuit court for further proceedings, to conduct a noticed hearing for the purpose of determining whether the weapon used in the assault was a deadly weapon within the meaning of the law. If it is determined by the court that the item so used was a deadly weapon, the adjudication of guilt of the defendant of the crime of aggravated assault *549 and the sentence imposed thereon by the court shall stand and continue in effect. If it is found by the court that said item or weapon used in the assault was not a deadly weapon, the trial court shall vacate the judgment and sentence, and, at the election of the defendant, permit withdrawal of the plea of guilt of aggravated assault or treat the otherwise voluntary guilty plea as one to the lesser offense of assault and battery revealed by the shown facts, and impose sentence thereon as provided for by law.
Caused remanded with directions.