PER CURIAM.
E.J. appeals his adjudication of delinquency predicated on charges of aggravated assault and throwing a deadly missile. We affirm on a finding that assault is the appropriate ground for declaring E.J. delinquent.
E.J. approached an automobile occupied by Armando and Tammy Gutierrez and verbally harassed them while they were stopped at a traffic light. He then left the side of the car and returned with a skateboard. E.J. told Mr. Gutierrez to get out of the automobile so that he could “kick his ass.” Mr. Gutierrez did not leave his car. Shortly thereafter, the light turned green, and the Gutierrezes began to drive away. At some point during the encounter, an object was thrown from the area where E.J. and five. to seven other boys were gathered, denting their vehicle. Neither of
the Gutierrezes saw a rock in E.J.’s hand, but they did see him make a throwing motion. E.J. was arrested and adjudicated delinquent based on findings that he committed aggravated assault with a deadly weapon, to wit: a rock or a skateboard; and threw a deadly missile, a rock, at a vehicle.
Although Mrs. Gutierrez saw E.J. make a throwing motion, she did not see the object thrown. Thus, we may not conclude that the item thrown was a rock, and accordingly, we reverse E.J.’s adjudication of delinquency for throwing a deadly missile. J.T.K. v. State, 341 So.2d 229 (Fla. 1st DCA 1976) (evidence insufficient to support conviction for throwing a deadly missile when sole witness could not identify object thrown); D.B.C. v. State, 341 So.2d 230 (Fla. 1st DCA 1976) (same).
We find no evidence to support EJ.’s adjudication of delinquency for aggravated assault with a deadly weapon. A weapon is deadly if “when used in the ordinary manner contemplated by its design and construction [it] will or is likely to cause death or great bodily harm,” Smith v. Nussman, 156 So.2d 680, 682 (Fla. 3d DCA 1963); Johnson v. State, 249 So.2d 452 (Fla. 4th DCA 1971), or if it is “likely to produce death or great bodily injury.” Goswick v. State, 143 So.2d 817, 820 (Fla.1962); Colainni v. State, 245 So.2d 893 (Fla. 2d DCA 1971); Forchion v. State, 214 So.2d 751 (Fla. 3d DCA 1968). Whether a weapon is deadly is a question of fact to be determined under all the circumstances, taking into consideration the weapon and its capability for use. Duba v. State, 446 So.2d 1167 (Fla. 5th DCA 1984); Bass v. State, 232 So.2d 25 (Fla. 1st DCA 1970); Rogan v. State, 203 So.2d 24 (Fla. 3d DCA 1967). There is insufficient evidence in the record to support the trial court’s conclusion that the under the circumstances of this case, the skateboard was a deadly weapon;[1] however, the evidence does support an adjudication of delinquency for simple assault. Accordingly, we affirm E.J.’s adjudication of delinquency, not for aggra *580 vated assault with a deadly weapon or for throwing a deadly missile, but for assault.
Affirmed as modified.
BASKIN and FERGUSON, JJ., concur.

. We need not reach the issue of whether a rock is a deadly weapon because no one saw E.J. with a rock, and thus there is no evidence that he threatened Mr. and Mrs. Gutierrez with one.