SORONDO, Judge.
J.A., a juvenile, appeals from an adjudication of delinquency and community control placement for aggravated assault with a deadly weapon. The facts of the case are not in dispute.
Sandra Saul, a teacher at Miami Beach Senior High School, testified that during a class she repeatedly told J.A. to stop talking. J.A. would not stop so she told him to step outside. She heard J.A. curse and say, “bitch ... don’t start with me” from across the room. He then picked up a wooden stool and started coming at her with it, walking halfway across the room. Saul testified that she was afraid and her heart started beating faster. J.A. grabbed the stool in the middle and held it close to his chest as he walked towards her.
Saul sternly told J.A. to sit down, and he stopped, turned around, went back to his seat, and sat down. On cross-examination, Saul testified the closest J.A. came to her was approximately 15-20 feet. He never swung the stool and only walked toward her until she told him to sit down, which he did. The defense moved for a judgment of acquittal, arguing that the State had failed to prove *970 that the stool was a deadly weapon. Both parties presented argument and authorities on the motion, which the trial court denied.
J.A. argues that he is entitled to have his adjudication of delinquency for the crime of aggravated assault with a deadly weapon reduced to simple assault. We agree. In E.J. v. State, 554 So.2d 578 (Fla. 3d DCA 1989), we stated:
A weapon is deadly if “when used in the ordinary manner contemplated by its design and construction [it] will or is likely to cause death or great bodily harm,”..., or if it is “likely to produce death or great bodily injury.”
Id. (citations omitted). There are numerous cases dealing with assorted objects which the state has unsuccessfully sought to identify as deadly weapons.[1] We believe the present case is properly added to those ranks. Although a chair or stool can certainly be used in such a manner as to make them deadly weapons, the manner in which the stool in this ease was used cannot justify such a conclusion. The record clearly establishes that J.A. held the chair tightly to his chest at all times. Although he walked towards Ms. Saul after uttering the reprehensible statement we set forth above, at no time did he use the stool in an aggressive manner. When Ms. Saul ordered him to sit down he complied.
We conclude that the evidence presented by the state was insufficient to establish a case of aggravated assault with a deadly weapon. As we did in E.J., supra, we affirm J.A.’s adjudication of delinquency, not for aggravated assault with a deadly weapon but for assault.
Affirmed as modified.

. See Blanco v. State, 679 So.2d 792 (Fla. 3d DCA 1996) (evidence that defendant pressed a soda bottle against cashier’s back to simulate a firearm insufficient to sustain armed robbery conviction), rev. denied, 687 So.2d 1305 (Fla. 1997); Williams v. State, 651 So.2d 1242 (Fla. 2d DCA 1995) (evidence that victim suffered pain and had blisters raised on his nose and shoulders insufficient to establish that hot coffee was a weapon under robbery statute); Dixon v. State, 603 So.2d 570 (Fla. 5th DCA) (en banc) (generally bare hands (like bare feet) are not deadly weapons for purposes of proving aggravated battery), rev. denied, 613 So.2d 9 (Fla.1992); D.C. v. State, 567 So.2d 998 (Fla. 1st DCA 1990) (evidence that victim suffered respiratory problems after defendant sprayed her with deodorant at close range insufficient to support conclusion that deodorant was a deadly weapon); Bates v. State, 561 So.2d 1341 (Fla. 2d DCA 1990) (evidence that defendant approached victim with an object covered by a rag and stated that he had a ".22", where defendant actually had a "nut driver” under the rag, was insufficient to sustain conviction for robbery with a deadly weapon as defendant did not use or threaten to use the nut driver in a violent way; had he threatened to use nut driver as a bludgeon conviction would have been appropriate); Forchion v. State, 214 So.2d 751 (Fla. 3d DCA 1968) (evidence that defendant threw two foot long part of broom handle at victim from a distance of twelve to fifteen feet away insufficient to sustain conviction for aggravated assault); Rogan v. State, 203 So.2d 24 (Fla. 3d DCA 1967) (evidence that defendant threw a "pretty heavy” one-foot diameter flower pot from outside into window of residence, which broke glass but did not penetrate screen, insufficient to classify flower pot as a deadly weapon to sustain conviction for aggravated assault on complaining witness seated five feet from inside of window).