886 So.2d 311 (2004)
E.S., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1318.
District Court of Appeal of Florida, Third District.
November 10, 2004.
Bennett H. Brummer, Public Defender, and Valerie Jonas, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before GREEN, FLETCHER, and WELLS, JJ.
PER CURIAM.
The appellant, E.S., a juvenile, appeals from his final judgment of conviction and sentence for carrying a concealed weapon, a BB gun, in violation of section 790.01(1), Florida Statutes (2003). We reverse.
E.S. was charged by a petition for delinquency with carrying a concealed weapon. The arresting officer testified that the BB gun he had found on E.S. looked "like a .45 or a semi-auto.45," and that the gun was "capable of inflicting injury" when operated properly. The officer also testified that he did not find any CO 2 cartridges or anything that would fire out of the gun. The BB gun itself was also placed into evidence, which the trial court examined.
The defense moved for a judgment of acquittal arguing that the state had not established that the BB gun was a "deadly weapon," within the meaning of the statute.[1] The trial court denied the motion, finding that the "deadliness" of the gun was an issue to be resolved by the trier of fact, and that based on the "totality of the circumstances" he found the BB gun in *312 question to be a deadly weapon. E.S. was adjudicated guilty and sentenced to one year probation.
On this appeal, E.S. claims that the evidence was insufficient to establish that the BB gun was a deadly weapon and therefore the trial court erred in denying the motion for judgment of acquittal. We agree.
A "deadly weapon" has generally been defined to be one likely to produce death or great bodily injury. Whether or not the weapon involved is to be classed as "deadly" is a factual question to be resolved by the jury under appropriate instructions.
Dale v. State, 703 So.2d 1045, 1047 (Fla.1997) (citing Goswick v. State, 143 So.2d 817, 820 (Fla.1962), receded from on other grounds, State v. Smith, 240 So.2d 807 (Fla.1970)).
At trial, although the BB gun was introduced into evidence, there was no testimony regarding its operation. The evidence showed that the gun had no cartridge in it and could not discharge pellets. The only evidence regarding the gun's ability to injure was the police officer's testimony that the gun was "capable of inflicting injury ... [if] properly operated." Thus, the evidence taken as a whole, failed to support a factual determination that the BB gun in question was "likely to produce death or great bodily injury." Dale v. State, 703 So.2d at 1045.
Since the evidence fell short of showing that the BB gun was a "deadly weapon," the trial court erred in finding E.S. delinquent, and its adjudication and conviction must be vacated.
Reversed, remanded with directions to vacate sentence and conviction.
NOTES
[1] Section 790.01 provides in pertinent part:

[A] person who carries a concealed weapon or electric weapon or device on or about his or her person commits a misdemeanor of the first degree....
§ 790.01(1), Fla. Stat. (2003). In turn, section 790.001 provides that
"Weapon" means any dirk, metallic knuckles, slungshot [sic], billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocket knife.
§ 790.001(13), Fla. Stat. (2003).