ON MOTION FOR REHEARING

PER CURIAM.
We withdraw our previously issued opinion and substitute the following in its place.
We affirm appellant’s conviction for throwing a deadly missile into a dwelling, concluding that the state’s evidence was sufficient to withstand a motion for judgment of acquittal. Appellant was known to the occupant of the house, and he had come to her window one evening asking for money. When she refused he said, “I’m going to throw a brick through the window.” After that, the victim heard a crash and found a brick in her room. The curtains were blowing, and the victim saw appellant still outside the window.
Although the victim did not see appellant actually throw the brick, the evidence, when viewed in a light most favorable to the state, provides proof from which the jury could infer guilt to the exclusion of all other reasonable inferences. See State v. Law, 559 So.2d 187, 188 (Fla.1989). This is not a “mere presence” case, such as Shuler v. State, 801 So.2d 1055 (Fla. 1st DCA 2001), in which there was no evidence presented that the defendant actually threw the rock. In this case, the victim testified that appellant told her he was going to throw the brick and immediately thereafter a brick came crashing through her window. The defendant’s reliance on E.J. v. State, 554 So.2d 578 (Fla. 3d DCA 1989) is misplaced because the facts are distinguishable from this case. This case *999 includes an admission against interest as well as knowledge as to what was .thrown. In E.J., the defendant made no admission against interest and the trial .court was presented with no evidence of the projectile thrown.
Affirmed as to all issues.
GUNTHER, WARNER and POLEN, JJ., concur.