997 So.2d 484 (2008)
D.B.B., Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-6034.
District Court of Appeal of Florida, Second District.
December 17, 2008.
*485 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
KHOUZAM, Judge.
D.B.B. appeals two orders, one adjudicating him delinquent for aggravated assault with a deadly weapon and the other revoking his probation based on the adjudication. He argues that the trial court erred in denying his motion for judgment of dismissal because there was insufficient evidence of a deadly weapon. We agree and reverse. However, because the evidence supports an adjudication of delinquency for misdemeanor assault, which properly forms the basis for the revocation of his probation, we affirm the disposition order revoking his probation.
D.B.B. had previously been placed on probation, with adjudication withheld, for petit theft. The State filed an affidavit of violation of probation alleging that D.B.B. had committed aggravated assault with a deadly weapon. The aggravated assault charge was also the subject of a new petition. At trial, D.B.B.'s mother testified that they were in the middle of an argument when D.B.B. cursed at her and threw his bicycle at her. She was standing about ten feet away from him and stepped back to prevent the bicycle from hitting her. The bicycle landed about five feet from her. D.B.B. threw the bicycle again. She thought he was aiming at her and she felt very scared. The bicycle was not measured or taken into evidence.
At the close of the State's case, counsel for D.B.B. moved for a judgment of dismissal arguing that the State's evidence was insufficient to establish that the bicycle was a deadly weapon. The trial court denied the motion. The court adjudicated D.B.B. delinquent for aggravated assault and entered a disposition order revoking his probation and adjudicating him delinquent in the petit theft case.
To prove aggravated assault, the State must show that the defendant committed assault with a deadly weapon without intent to kill. § 784.021(1)(a), Fla. Stat. (2007). A deadly weapon is an item which, when used in the ordinary manner contemplated by its design, will or is likely to cause death or great bodily harm; or any instrument likely to cause great bodily harm because of the way it is used during a crime. J.W. v. State, 807 So.2d 148, 149 (Fla. 2d DCA 2002). Whether an item is a deadly weapon is a factual question to be determined under the circumstances, taking into consideration its size, shape, material, and the manner in which it was used or was capable of being used. Simmons v. State, 780 So.2d 263, 265 (Fla. 4th DCA 2001).
When used in the ordinary manner contemplated by its design, a bicycle is not likely to cause death or great bodily harm. Further, the manner in which the bicycle was used did not make it likely to cause death or great bodily harm. See, e.g., E.J. v. State, 554 So.2d 578, 579 (Fla. 3d DCA 1989) (determining that a skateboard thrown at a vehicle was not a deadly weapon); Forchion v. State, 214 So.2d 751, 752 (Fla. 3d DCA 1968) (finding that a two foot long part of a broom handle thrown from twelve to fifteen feet away was not a deadly weapon); Rogan v. State, 203 So.2d 24, 25 (Fla. 3d DCA 1967) (concluding that a one-foot diameter flower pot filled with dirt, which was thrown through the window of a residence, did not qualify as a deadly weapon where the victim was seated five feet from the window). The State *486 also did not present sufficient evidence to establish that the bicycle's character was such that it could be considered a deadly weapon. See Rogan, 203 So.2d at 25 (noting that the flower pot was not produced or entered into evidence). Thus, the evidence was insufficient to establish aggravated assault with a deadly weapon. The evidence presented, however, does support an adjudication of delinquency for misdemeanor assault.
Therefore, we reverse D.B.B.'s adjudication of delinquency for aggravated assault and remand for the trial court to reduce the offense to misdemeanor assault. Because the offense of misdemeanor assault properly forms the basis for revoking D.B.B.'s probation, we affirm the order revoking his probation and adjudicating him delinquent of petit theft.
Affirmed in part, reversed in part, and remanded.
FULMER and WHATLEY, JJ., Concur.