## J. H. McCORMICK v. STATE OF FLORIDA

16 So. (2nd) 49                          June Term, 1943
December 17, 1943                       Division A
Rehearing Denied January 13, 1944

*Caldwell & Wiggington,* and *John T. Wiggington,* for appellant.

*J. Tom Watson,* Attorney General, *John C. Wynn,* Assistant Attorney General, and *Bourke Floyd,* Special Assistant Attorney General, for appellee.

ADAMS, J.:

Appellant waived a jury and was tried before the court on an information charging an aggravated assault. He was found guilty as charged and was sentenced to serve four months in the county jail at hard labor.

The evidence disclosed that appellant was purchasing a stock of merchandise from one Philip Goldenburg and an argument arose between them. The State's evidence showed that appellant struck Goldenburg a severe blow on the face and called for someone to hand him his gun and that he would kill the latter. The two were separated and the difficulty ended. There was no testimony that appellant was armed with any weapon although appellant had a shortgun only a few feet away.

An aggravated assault is an assault with a deadly weapon without a premeditated design to kill the person assaulted. See Section 784.04, Florida Statutes 1941. It is readily apparent that the evidence was wholly insufficient to sustain the conviction as charged; to wit, aggravated assault.

The motion for a new trial questioned the finding of guilt and was denied July, 1943. On October 4, 1943, there was

filed in this Court a certified copy of an order by the trial judge dated October 2, 1943, whereby the trial judge attempted, by a nunc pro tunc order, to correct his minutes to show that appellant was in truth and fact found guilty of an assault and battery, however the sentence was not altered. The latter order recites that notice was given although the record does not so show. After this appeal was perfected the order was entered without the knowledge or consent of this Court. When the trial judge found the defendant guilty, he was acting in the same capacity as jury and his finding was equivalent to a jury verdict. The imposition of sentence was the act of the court based upon the finding of guilt. The trial court was without power to alter his records by way of correcting his finding after the elapse of time and the lodging of appellant's appeal in this Court.

It is true that the court might, under the evidence, have found appellant guilty of an assault and battery and the sentence imposed might be authorized by the statute (Sec. 784.04, Fla. Stat. 1941) yet that does not cure the error.

It is urged that at most the judgment should be reversed and the cause remanded for a proper sentence on one of the lesser offenses included under the charge of aggravated assault. We are vested with such power under the statute, Sec. 924.34, Florida Statutes 1941, however in this case it is the judgment of this Court that the judgment appealed from is reversed for a new trial.

Reversed.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.