CARROLL, Judge
(dissenting).
I am unable to concur in the order on rehearing by which the majority adheres to the judgment of affirmance. On reconsideration of this cause and after further oral argument[1] I am of the opinion the judgment should be reversed for failure and refusal of the trial judge to charge the jury on assault and battery as a lesser included offense of the charged crime of aggravated assault.
*869 In a prosecution for aggravated assault, when, as here, the evidence shows a beating occurred, assault and battery is a lesser included offense. In the only Florida Supreme Court case produced before us in which the point has been directly involved, it was so regarded.[2] It was, therefore, the duty of the trial court to charge on the lesser included offense of assault and battery. Section 919.14 Fla.Stat., F.S.A.; Jimenez v. State, 1947, 158 Fla. 719, 30 So.2d 292; Brown v. State, Fla.1960, 124 So.2d 481.
This court was concerned with whether the right to claim the error was lost for failure to make timely objection or to sufficiently bring the omission to the trial judge’s attention so as to afford him reasonable opportunity to give the charge before the jury proceeded to determine the case.
As this particular charge was expressly directed by statute, it would seem that an advance request for it was not necessary, although had one been made it would have sufficed for appeal. Section 919.14 Fla.Stat., F.S.A., and Brown v. State, supra. Thus either a prior request for the charge, or an objection to its omission made after the charges, would qualify the point for appeal, under Brown v. State, supra.
The record discloses adequate objection was made immediately following the giving of the charge to the jury, and that the purpose of the obj ection was brought home to the court. Our opinion of January 22 rejected the point on the ground that objection made at the trial was ‘'too general to be the basis for reversal.” The portion of the record disclosing the objection for failure to charge on assault and battery as a lesser included offense and moving the court to recall the jury and so charge them, with comments by counsel and the court showing the trial judge adverted to the point, is as follows:
“Mr. Rutherford: If the Court please, as the jury has left the box and before it has begun its deliberations, the defendant objects to each and every of the general charges given the jury by the Court, and in particular the Defendant objects to the fact that the general charge of the Court in defining aggravated assault, simple assault, assault and battery and simple assault did not mention nor did it make it clear to the jury that if the jury found that the Defendant had been assaulted with a weapen which they had found not to be a deadly weapon then the verdict would be assault and battery.
“The Court only used the illustration of a fist and did not include any type of weapon which would not be found to be a deadly weapon.
“Further, in the definition of self defense or the instruction of self defense the charge of the Court did not follow the facts involved in this case, in that a large part of the charge was directed to an offer to do violence, which would be a simple assault because the testimony and facts neither reveal an actual assault on either Goswick or on Hudson and the charge to the jury on that particular matter of self defense which is vital to the case of the Defendant is clearly misleading.
“Further, in instructing the jury as to all the verdicts which could be returned, the Court did not instruct the jury that if it did not believe from the evidence that the Defendant was guilty of aggravated assault, that the jury could find — or did not believe that the weapon used was a deadly weapon — that then the jury could return a verdict of the misdemeanor of assault and battery, and we respectfully object to the instructions of the Court and ask the Court to return the jury to the box and give it proper instructions as outlined by our objection.
“Mr. Curran: I understand assault and battery is not included in a charge of aggravated assault, your Honor.
*870 “The Court: The motion to return the jury to the box is denied.
“Mr. Rutherford: And the change in the instructions is denied, as indicated by the motion?
“The Court: Yes.”
On that record, I see no reasonable basis to deprive the defendant of the benefit of the error on the ground that objection was too general or otherwise insufficient. Therefore, on this rehearing, I would vote to reverse the judgment of conviction, and remand the cause for a new trial.

. Our order granting rehearing provided for oral argument on two points, (1) whether assault and battery is a lesser included offense of the crime of aggravated assault, and (2) whether failure to charge as to a lesser included offense was excused for want of objection or sufficient objection.

. McCormick v. State, 153 Fla. 838, 16 So.2d 49. See 3 Fla..Tur., Assault and Battery, § 33, p. 130. Compare Winburn v. State, 28 Fla. 339, 9 So. 694.