HOBSON, Chief Judge.
Appellant takes this appeal from the trial court’s imposition of a five-year sentence for violation of the Florida gambling laws. Appellant was previously convicted of the identical charges involved in this appeal and received a sentence of three years imprisonment. This court vacated the prior sentence and remanded the cause for further consideration by the trial court.[1] Upon remand the appellant was retried and again convicted. It was upon this judgment of guilt that the trial court imposed the five-year sentence appealed herein.
At the second sentencing appellant’s counsel inquired as to the reasons for the imposition of a more severe sentence after the second trial. The trial judge stated that he had a presentence investigation report dated subsequent to the entry of the first sentence which contained information and matter not previously available to him. Appellant’s counsel at that time requested that the presentence investigation report be made available to him. This the court refused and the record-on-appeal discloses the said presentence investigation report was not made a part of the record.
It might well be that the contents of the presentence investigation report would amply support the increased sentence ; however, this court is precluded *206 from reviewing the factual data upon which the trial court based the more severe sentence since the presentence investigation report is not contained in the record-on-appeal.
In North Carolina v. Pearce, 395 U.S. 711, 725, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656, 669 (1969), the United States Supreme Court stated:
“Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant’s exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
“In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.” (emphasis supplied)
It is clear from the Pearce decision, supra, that however meritorious a trial judge’s reasons might be for imposing a more severe sentence upon a defendant after a new trial, these reasons must be made a part of the record so that the appellate courts may fully review the constitutional legitimacy of the subsequent and more severe sentence.
The five-year sentence appealed is vacated and the cause remanded for re-sentencing in accordance with this opinion.
Reversed and remanded.
LILES and McNULTY, JJ., concur.

. Hopkins et al. v. State of Florida, Fla.App.1969, 227 So.2d 53.