SWANN, Judge.
Defendant, Richard Edward Cox, was previously convicted of (1) breaking and entering with intent to commit a felony to-wit: grand larceny for which he was sentenced to five years; (2) robbery for which he was sentenced to 25 years; and (3) unauthorized use of a motor vehicle for which he was sentenced to time served. On appeal his convictions were reversed and the case was remanded for a new trial. See Cox v. State, Fla.App.1969, 219 So.2d 762.
On retrial he was convicted on the charge of breaking and entering with intent to commit a felony, to wit, grand larceny and sentenced to life imprisonment. On the charge of robbery he was convicted of assault with intent to commit a felony: to wit grand larceny and sentenced to two years and credit for time served, and on the charge of larceny of an auto he was convicted of assault with intent to commit a felony, .to wit: larceny of an auto and sentenced to one year and credit for time served. A Motion to Mitigate and Correct the Sentence was filed by the defendant and denied by the trial court. Defendant has appealed.
We reverse as to the imposition of a life sentence for conviction on the same charge which had previously resulted in a sentence of five years. See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); and Standifer v. State, Fla.App. 1970, 241 So.2d 205. This record contains no showing of any reasons for the imposition of a life sentence after an appeal by Cox which resulted in a reversal of the conviction and sentence for five years on the same charge.
The state concedes that the trial court erred in its refusal to instruct the jury that the unauthorized use of an automobile is a lesser included offense of larceny of an automobile and that this instruction should have been given. See Brown v. State, Fla. 1968, 206 So.2d 377; Wright v. State, Fla.App.1968, 216 So.2d 229; Stewart v. State, Fla.App. 1966, 187 So.2d 358; § 919.16, Fla.Stat, F.S.A.; and Rule 1.510, CrPR, 33 F.S.A. We, therefore, must reverse the judgment of conviction and sentence of the defendant for the crime of assault with intent to commit a felony, larceny of an automobile.
Points Two and Three of defendant’s brief and argument are also directed to error claimed as a result of the entry of the judgment and sentence on the charge of larceny of an automobile. We have reversed the judgment and sentence on this charge and see no need to discuss the other points raised by appellant.
The judgment and sentence of the defendant on the charge of larceny of an automobile is, therefore, reversed and the cause remanded for a new trial on this charge.
The judgment of conviction on the crime of breaking and entering with intent to commit a felony, grand larceny, is affirmed but the life sentence imposed thereon is vacated and set aside and the case is remanded with instructions to the trial court for the imposition of a sentence for not more than five years.
The judgment and sentence of assault with intent to commit a felony, to wit: grand larceny, has not been challenged by any points raised in this appeal and is affirmed.
The final judgment is, therefore, affirmed in part and reversed in part and the case is remanded for further action consistent herewith.
It is so ordered.