CARROLL, Judge.
The appellant, David Albert Morrison and one William Francis Kimmons were charged by information with attempted armed robbery in violation of §§ 776.04 and 813.011 Fla.Stat., F.S.A. Morrison was convicted by a jury of the offense charged and sentenced to five years at hard labor in the state penitentiary. Appealing therefrom he contends the trial court committed error by including in the charges to the jury a charge on aggravated assault as a lesser included offense; by denying a motion to suppress identification testimony; and by denying a motion to exclude a state witness.
The evidence disclosed that the appellant and another man entered the victim’s premises and confronted him with drawn guns. They directed him in another room, into which they followed. The victim’s wife who was there shot at the men, wounding the one other than the appellant. The latter dragged the wounded man out to a car which was waiting and in which they were driven off by a third man. The victim fired a number of shots at the departing automobile, some of which struck the vehicle.
At conference held in the trial court on jury charges the state requested a charge on aggravated assault as a lesser included offense. The attorney for the defendant objected thereto. The trial court gave the charge. As noted, the defendant was not convicted by the jury of the lesser included offense, but of the offense of attempted robbery with which he had been charged in the information. We hold no reversible error resulted from giving the charge on the lesser included offense.
Imprimis, the inclusion of the charge was proper based on the evidence which was ample to support a finding that the defendant had assaulted the victim with a deadly weapon. Brown v. State, Fla. 1968, 206 So.2d 377. While aggravated assault is not necessarily a lesser included offense of armed robbery (such as is larceny) it will emerge as a lesser included offense where the evidence shows that the incident assault was made with a deadly weapon. Of course, if the evidence presented would not be sufficient to sustain a conviction for aggravated assault, it would not be appropriate to charge it as a lesser included offense of armed robbery, or attempted armed robbery, whether or not objection was made to such charge. Compare Goswick v. State, Fla. 1962, 143 So.2d 817, which dealt with assault and battery as a lesser included offense of aggravated assault (depending on evidence showing battery).
*504 Moreover, if it could be said that the giving of the charge of aggravated assault as a lesser included offense was error in this case (because of defendant’s objection thereto, although the charge otherwise was proper), it was harmless error and not a basis for reversal, in view of the fact that the jury found the defendant guilty of the main offense with which he was charged.
We do not consider that our holding on this point is in conflict with the decision of the first district in Washington v. State, Fla.App.1971, 247 So.2d 743. In that case the defendant was charged with the crime of rape. The evidence presented by the state was such as to establish a perfected rape. The evidence submitted by the defendant was to the effect that no such transaction or encounter had occurred. Over objection of the defendant the court included a charge on assault with intent to commit rape, as a lesser included offense. In holding it was error to give that charge, the district court noted that such lesser offense was not shown by or applicable on the evidence, saying (247 So. 2d at 745) : “There is not one shred of evidence from which the jury could have properly found the defendant guilty of any offense less than the rape with which he was charged. The verdict of guilty for a lesser offense is not supported by the evidence and cannot be sustained on appeal.” We do not disagree with that holding of the first district, on the facts of that case. In Washington the court went on to express the view that a charge should not be given on a lesser included offense unless the state has specifically charged the defendant therewith alternatively in an accusatory pleading, but the court conceded that view is not in accord with existing law, stating: “However, in all candor, we must admit that such opinion is contrary to the existing case law upon the subject.”
In the instant case the appellant argues that a charge on a lesser included offense or offenses, although otherwise supportable on the evidence and permissible under § 919.16 Fla.Stat., F.S.A., cannot be given if the defendant objects thereto, and to do so over defendant’s objection would be reversible error. We cannot agree.
A trial court is not precluded, by objection of the defendant, from charging the jury on a lesser offense that is necessarily included in the offense charged, or on an offense which, although not necessarily included, is one the elements of which are embodied in the offense charged and the presence of which is sufficiently disclosed in the evidence. Since it would be proper for the jury to convict thereon under § 919.16, it is proper for the court to charge thereon. Brown v. State, supra; Cf. McCormick v. State, 153 Fla. 838, 16 So.2d 49.
The remaining contentions of the appellant which were referred to above have been considered in the light of the record and briefs and are found to be without merit.
No- reversible error having been made to appear, the judgment is affirmed.