LESTER, M. IGNATIUS, Associate Judge.
The defendant, Gerald Kilpatrick, was charged on a two count information for aggravated assault. The defendant was granted a new trial after a jury had acquitted him on one count and convicted him of the other count. The defendant moved for a mistrial after the discharge of the jury when two of the jurors made it known to the trial court that they would have found the defendant not guilty on both counts if they had considered self defense in their deliberations, but since there was no other choice other than guilty or not guilty they found the defendant guilty.
The court granted the motion for mistrial. Over the defense counsel’s objections the information was amended to include assault with intent to commit murder and the state proceeded to trial. The trial judge instructed the jury on lesser included offenses contained in assault with intent to commit murder in the first degree and defense counsel objected to the inclusion of such an instruction. The defendant was found guilty of assault with intent to commit murder in the second degree. Appealing therefrom, defendant contends the trial court committed error by allowing the information to be amended so as to change the nature, identity or degree of the original offense or to add another offense; by permitting the state to retry the defendant for higher degrees of the sames offenses or for a higher offense than that which he was convicted; and by instruction the jury on lesser included offenses after the defendant objected to such instructions.
We find that double jeopardy did not attach in this case. However, the accused can only be retried for the offenses for which he was convicted. While the new information and retrial are proper they are subject to the axiom that the accused can only be retried for the offense of which he was convicted before the mistrial. Ray v. State, Fla.1970, 231 So.2d 813. Due process of law requires that vindictiveness against a defendant who, having successfully attacked his first conviction, must play no part in a sentence he receives after a new trial since the fear of such vindictiveness may unconstitutionally deter a defendant’s exercise of the right to appeal or collaterally attack his first conviction. North Carolina v. Pearce, 395 U. S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.
While there is nothing in this record to indicate that the state, in filing a new indictment for a greater offense, has manifested a vindictive attitude toward the defendant; nevertheless, such a construction would be possible. It is the duty of the courts to protect a defendant from any reasonable possibility of unfairness. Therefore, we direct that the trial court enter an adjudication based on a verdict finding the defendant guilty of aggravated assault.
Since this case is being remanded for new sentence there is no need to consider the argument of the Appellant that a charge on the lesser included offense cannot be given if the defendant objects thereto. Further, we have held no reversible error resulted from giving the charge from the lesser included offenses. Morrison, Appellant v. State of Florida, Appellee, in the District Court of Appeal of Florida, Third District, 259 So.2d 502.
Therefore, the judgment and sentence appealed are reversed with directions to enter a judgment of guilty against the defendant upon the lesser included offense of aggravated assault. It is further directed that an appropriate sentence upon said adjudication he entered against this appellant.
Reversed and remanded with directions.