PER CURIAM.
The defendant appeals his conviction and sentence to four years in the state prison for the unlawful possession of a firearm by a convicted felon. At trial, the defendant, who was represented by the Public Defender, stipulated to the fact of his conviction for a prior felony. He was found guilty and sentenced to two years imprisonment.
Thereafter, he moved for a new trial upon the ground that he had misapprehended the effect of his stipulation. The Public Defender joined in the motion upon the ground that he ^might have “misled the defendant'.” Out of an abundance of caution, the trial judge set aside the judgment and sentence for the purpose of al *689 lowing evidence upon the subject matter of the stipulation. Defendant, who was at this stage represented by private counsel, did not object to the procedure and the cause proceeded before the same judge who had tried the cause.
Evidence was submitted to show that the defendant had been previously convicted not only of the felony crime of “conspiracy to sell narcotic drugs” but also of the crime of unlawful possession of a firearm while engaged in a criminal offense. Thereupon, the trial judge adjudicated the defendant guilty and sentenced him to four years imprisonment.
There are two points presented here on appeal. The first claims error because the trial judge did not conduct a retrial in full. See Rule 3.640(b), CrPR. We hold that this alleged error is not available to the appellant because not only did he fail to object when the court outlined the procedure to be followed but also he agreed thereto as a full response to his motion. Private counsel at the time of the supplemental proceedings actually objected (apparently through a misunderstanding) to any retrial. The defendant cannot now claim that the trial court erred in doing' what he requested. See Gagnon v. State, Fla.App.1968, 212 So.2d 337.
Defendant’s second point also fails to present reversible error. He urges that the imposition of a greater sentence upon resentencing violates the ruling of the United States Supreme Court in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The United States Supreme Court specifically held in Pearce that a trial judge is not precluded from imposing a new sentence whether greater or less than the original sentence where in the light of events subsequent to the first sentencing there has been new light thrown upon defendant’s conduct and moral propensities. Here, the reopening of defendant's case revealed additional evidence showing that he had in fact been convicted of the illegal possession of a firearm on a previous occasion. The trial judge set forth the reasons for imposing a longer sentence and has thus fully complied with North Carolina v. Pearce, supra, and the decisions of the Florida courts following that decision. See Roberson v. State, Fla. 1971, 258 So.2d 257; Standifer v. State, Fla.App. 1970, 241 So.2d 205; Cox v. State, Fla.App.1971, 243 So.2d 611; Kilpatrick v. State, Fla.App.1972, 262 So.2d 472.
Affirmed.