CHARLES CARROLL, Associate Judge
(concurring in part and dissenting in part).
I respectfully dissent from this court’s affirmance of the sentences that were imposed following the revocation of probation, awarded after new trial was granted, which were in excess of those imposed on the original convictions. In other respects I concur in the opinion and judgment.
By § 948.06 Fla.Stat., F.S.A., upon revocation of the probation the court was authorized to “impose any sentence which it might have originally imposed before placing the probationer on probation.”
In my view that statutory provision has relation to any sentence the court could have imposed at the time or the occasion of sentencing the defendant when the probation was granted in lieu of imposing sentence.
Following the granting of a new trial, when the court adjudged the defendant guilty of the several offenses, if the court had then imposed sentences (rather than to grant probation) the sentences could not have exceeded those previously imposed (in the absence of a record showing of some sufficient reason therefor occurring prior to that time, as outlined in North Carolina v. Pearce, 375 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656). See also, Standifer v. State, Fla.App.1970, 241 So.2d 205; Cox v. State, Fla.App.1971, 243 So.2d 611; Roberson v. State, Fla.1971, 258 So.2d 257; Kilpatrick v. State, Fla.App.1972, 262 So.2d 472.
Here the court made no findings or recitation of matters such as would justify the greater sentences on the “new trial”. While it may be argued that the violation by the defendant of the rules of his probation, which served as the basis for the revocation of the probation, should be justifi *292 cation for imposing longer sentences, it would appear that argument is unsound because by statute, upon revoking probation, the court was authorized and limited to the imposition of such sentences as it might have imposed before placing the defendant on probation.
There is no showing in the record of factual basis occurring prior to the time the court might have imposed sentences (but granted probation instead) which would have justified the imposition at that time of sentences in excess of those imposed for the offenses initially, prior to the granting of new trial.
For those reasons the causes should be remanded with direction to reduce the respective sentences to terms not in excess of those which were originally imposed before the new trial was granted.