**Felipe VIDAL**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida.**

**No. 74–1598–Civ–JLK.**

United States District Court,
S. D. Florida,
Miami Division.

March 21, 1975.

Phillip A. Hubbart, Miami, Fla., for plaintiff.

Robert I. Shevin, Miami, Fla., for defendant.

ORDER

JAMES LAWRENCE KING, District Judge.

Felipe Vidal seeks habeas corpus relief because the state trial judge doubled his sentence after a retrial. The petitioner contends that since the trial judge cited no appropriate reason to justify the increased sentence, the sentence is unlawful and must be set aside.

Vidal was charged by an information with (1) carrying a concealed firearm, and (2) possession of a firearm by a convicted felon. The information charged that he had previously been convicted of the felony of "Conspiracy to Sell Narcotic Drugs." Prior to the petitioner's nonjury trial, the defense and the state entered into a stipulation that Vidal had a prior felony conviction. Although Vidal was acquitted of the charge of carrying a concealed weapon, he was found guilty of possession of a firearm by a convicted felon. The judge ordered a presentence investigation.

The presentence investigation report was examined by the trial court on September 6, 1973, before Vidal was sentenced to two years' imprisonment. During the course of the sentencing, the judge made the following comments:

> *It seems as though Mr. Vidal and weapons are not strangers.*
>
> . . . He completed his probation, and he served a jail term of six months, and eighteen months probation. That was in this case, and that was on the [previous] case, and this [instant] case has a *considerable amount of similarity.*
>
> . . . The report indicates that it [the prior charge which resulted in petitioner's conviction as a felon] was in December, 1970. There was a discussion with reference to the sale of automatic weapons. He was there kind of acting as a lookout. *He was armed.* [Emphasis added] (R. at 119).

Shortly thereafter the petitioner's appointed counsel moved for a new trial on

the ground that the stipulation as to the prior felony conviction was based on a misunderstanding between the trial court and defense counsel. A partial retrial was granted by the judge, limited to the single question of whether Vidal was, in fact, a convicted felon. At the second trial, the state introduced into evidence a certified copy of the judgment of conviction and sentence for "Conspiracy to Sell a Narcotic Drug and Unlawful Possession of Firearm While Engaged in Criminal Offense." The court again found the defendant guilty of possession of a firearm by a convicted felon, and on December 14, 1973, immediately after the retrial and without another presentence investigation, sentenced Vidal to four years in prison. At the second sentencing, the trial judge stated:

Well, of course, at the time that the [first] sentence was imposed, *the court wasn't aware of the background of the defendant relating to the prior charges,* was not within the court's knowledge. I reserved ruling, of course, being that at the time it was stipulated by the defendant that he was in fact a convicted felon, and this would be incorporated into the charges, the possession of the weapon, *but it appears that the weapons are not strangers to Mr. Vidal,* and it further appears that he has failed to gain any new or useful experience from his sojourn in the jail. And the court has made an attempt to assist him in some sort of rehabilitation. We don't [want] anyone on the street with a weapon, except police officers. And the more we have in the way of unlawful weapons the more problems we have.

. . . I indicated that there is now more presently available to the court indetermining sentence. And your anticipation of the court in considering a greater penalty is quite accurate. *This man was involved with weapons before which I was not aware of.* He's apparently not gained any useful knowledge from that experience

and it is the judgment of this court, and most emphatically I will state that we don't need Mr. Vidal on the streets of this community with an arsenal. (Emphasis added) (R. at 196–201).

Vidal then took a direct appeal to the Florida Third District Court of Appeal, but that tribunal rejected his two allegations of error in brief opinion. Vidal v. State, 300 So.2d 688 (Fla.App.1974). Raising only the contention that the trial court had illegally increased his sentence after the retrial, Vidal sought a rehearing to correct a misapplication of the controlling law. The petition for rehearing was denied. Under Florida law, the petitioner has exhausted his state remedies; therefore the case is properly brought pursuant to 28 U.S.C. § 2254. McCluster v. Wainwright, 453 F.2d 162 (5th Cir. 1972).

■ The sole issue before this court is whether the Florida appellate tribunal properly applied the holding of the United States Supreme Court in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Because the petitioner has alleged that the increased sentence resulted from the vindictiveness of the trial judge, he has met the threshold requirement for triggering the prophylactic measures of *Pearce.* Compare Moon v. Maryland, 398 U.S. 319, 90 S.Ct. 1730, 26 L.Ed.2d 262 (1970).

The Third District Court of Appeal disposed of Vidal's attack on his sentence with the following language:

The United States Supreme Court specifically held in Pearce that the trial judge is not precluded from imposing a new sentence whether greater or less than the original sentence where in the light of events subsequent to the first sentencing there has been new light thrown upon defendant's conduct and moral propensities. Here, the reopening of defendant's case revealed additional evidence showing that he had in fact been convicted of the illegal possession of a firearm on a previous occassion. The

trial judge set forth the reasons for imposing a longer sentence and has thus fully complied with North Carolina v. Pearce, supra, and the decisions of the Florida courts following that decision. (citations omitted) Vidal v. Florida, *supra*, 300 So.2d at 689.

It is true that the "new light" language was used by the Supreme Court in *Pearce*, and it is also true that the trial judge satisfied the requirement that he set for his reasons for increasing the sentence after a retrial. However, the fatal flaw in the state court's opinion can be best illustrated by quoting directly from *Pearce*.

> In order to assure the absence of such a motivation [vindictiveness], we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons *must* be based upon objective information concerning identifiable *conduct* on the part of the defendant occurring *after* the time of the original sentencing proceeding. And the factual date upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal. (emphasis added) *Id.*, 395 U.S. at 726, 89 S.Ct. at 2081.

The above-quoted excerpts show that the Third District strayed from the mandates of the Supreme Court by holding that the trial court could legitimately increase a sentence based on a new appreciation of events which transpired *prior to* the original sentencing. The error of such an interpretation becomes manifest in view of the Mr. Justice White's concurring opinion in *Pearce*. He would have allowed the imposition of a more severe sentence "based upon any objective, identifiable factual data not known to the trial judge at the time of the original sentencing proceeding." *Id.* at 751, 89 S.Ct. at 2089. A similar view was expressed by the Supreme Court of

Florida in a case cited by the Third District in the *Vidal* opinion.

A careful study of the Pearce case leads to the conclusion that regardless of the personalities involved in the proceedings at trials, unless the record in the second trial shows that defendant has done a more severe act against society or that evidence is more persuasive against defendant, than in the first trial, the punishment cannot exceed that meted out at the first trial. Roberson v. State, 258 So.2d 257, 260 (Fla.1971).

The opinion of Mr. Justice White can be followed only by disregarding the plain language of the *Pearce* holding.

█ In this case, the most generous reading of the trial court's comments would support the conclusion only that at the time of the second sentencing the judge had forgotten that the previous sentence had expressly taken account of Vidal's involvement with firearms. Because of the burgeoning caseload of the local trial courts, it is entirely possible that just such a memory lapse occurred. To eliminate even the possibility that a vindictive motive influenced the imposition of an increased penalty (*see* North Carolina v. Pearce, *supra*, 395 U.S. at 725 n. 20, 89 S.Ct. 2072), the Supreme Court established formal requirements which must be followed to avoid impinging on the defendant's right to due process of law. Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973). When these procedures are not followed, the defendant is entitled to have the more severe sentence reduced to that which was originally imposed. Burton v. Goodlett, 480 F.2d 983 (5th Cir. 1973); Standifer v. State, 241 So. 2d 205 (Fla.App.1970). It is therefore

Ordered and adjudged that unless the state trial court resentences the petitioner in conformity with this opinion within sixty days of the entry of this order, the Petition for a Writ of Habeas Corpus will be granted and the petitioner will be released from custody.