ON REHEARING
BOOTH, Judge.
On petition for rehearing, appellant moved this court to allow supplementation of the record to substantiate appellant’s contention that the sufficiency of the evidence to support the manslaughter charge was in fact ruled on by the trial court and preserved by appellant’s nolo contendere plea as an issue on appeal. Due to the unique circumstances and posture of this case before the court, jurisdiction of the cause was temporarily relinquished to the trial court for the purpose of holding an evidentiary hearing and supplementing the record to the extent necessary to establish: (1) Whether the sufficiency of the evidence to support the charge of manslaughter was ruled on in the prior proceeding before the trial court; or, (2) In the event that the issue was not ruled on below, whether circumstances of the plea bargaining negotiations between counsel require that appellant now be allowed to file a motion under Rule 3.190(c)(4), Rules of Criminal Procedure, [C-4 Motion] directed to the information charging manslaughter, to be ruled on by the trial court.
On remand, the parties stipulated to the facts as alleged by appellant, the trial court entered its order pursuant thereto and entertained and denied a C-4 motion to dismiss the information charging manslaughter.
The record now having been supplemented, the issue is squarely presented as to whether the trial court erred in denying the C-4 motions in view of this court’s prior decision.[1] That prior decision holds that without the improperly admitted testimony of the medical examiner, the evidence was insufficient to sustain defendant’s conviction of premeditated murder. The opinion further states that defendant’s version of the events, if true, would not establish criminal intent and “the other circumstances do not show beyond a reasonable doubt that there was a criminal killing.” (348 So.2d at 31)
The defendant in that prior appeal had requested this court either enter a judgment of acquittal or remand for a new trial. The latter remedy, a remand for new trial, was afforded. There was no request that this court act under Florida Statute § 924.-39, to reduce the charge to a lesser offense, and the court did not sua sponte undertake to consider a possible reduction to a lesser included offense supported by the evidence.[2] We agree with defendant, however, that the opinion is misleading, particularly in its use of the term “criminal killing,” a term without recognized definition in the law of this State. The intent of the opinion was to hold that defendant could not, on the evidence properly admitted, be convicted of premeditated murder, but not preclude defendant’s conviction of some lesser included offense. To the extent that the opinion is subject to interpretation urged by the defendant here, precluding his conviction of any lesser degree of unlawful homicide, it is misleading and may have prejudiced defendant in his decision to enter into plea bargaining negotiations and to plead nolo contendere to the information charging manslaughter.
*243 Accordingly, we are of the view that the interests of justice in this case require that defendant be allowed to withdraw his nolo contendere plea and that the parties be restored to the status existing at the time the information was filed charging murder in the second degree and prior to plea bargaining. The trial court’s denial of motions under Rule 3.190(c)(4), Florida Rules of Criminal Procedure, addressed to the original and amended informations, are affirmed and the cause remanded for further proceedings consistent herewith.
MILLS, C. J., concurs.
ERVIN, J., dissents.

. Wright v. State, 348 So.2d 26 (Fla. 1st DCA 1977).

. McCormick v. State, 153 Fla. 838, 16 So.2d 49 (1944).