GLICKSTEIN, Judge,
concurring specially.
I write because I believe the bench and bar are entitled to a more thorough discussion of this case.
The facts are not in dispute. Appellant was charged with two counts of aggravated battery, resulting from an incident which occurred when he went to visit an ex-girlfriend. During the visit an argument ensued and appellant struck her. When her mother and brother came to her aid, appellant went to his car, retrieved a handgun and shot both of them. His trial resulted in a verdict of guilty of aggravated assault on both counts. The trial court thereafter granted his motion for a new trial. It reasoned that aggravated assault is not a necessarily lesser-included offense and that the jury instruction was erroneous, resulting in the defendant being convicted for an offense for which he was not charged.
The state filed another information based on the same incident charging appellant with two counts of aggravated assault. Appellant’s motion to dismiss this second information was denied, and the appellant pled nolo contendere to the two counts of aggravated assault with a firearm, reserving the right to appeal the denial of the motion to dismiss. The trial court entered an order which reflects that it granted the state’s motion to dismiss the information. This is obviously a ministerial error. The court meant to deny the defendant’s motion to dismiss the information.
Appellant was sentenced to three years incarceration for each count. Appellant requests this court to reverse the convictions and to remand the case with directions to vacate the judgments and sentences. We are affirming, thus rejecting the application of Dixon v. State, 486 So.2d 67 (Fla. 4th DCA 1986), and Florida Rule of Criminal Procedure 3.151(c).
Florida Rule of Criminal Procedure 3.151 provides:
Consolidation of related offenses:
(a) For purposes of these Rules, two or more offenses are related offenses if they are triable in the same court and are based on the same act or transaction or on two or more connected acts or transactions.
(b) Two or more indictments or informa-tions charging related offenses shall be consolidated for trial on a timely motion by a defendant or by the state. The procedure thereafter shall be the same as if the prosecution were under a single indictment or information. Failure to timely move for consolidation constitutes a waiver of the right to consolidation.
(c) When a defendant has been tried on a charge of one of two or more related offenses, the charge of every other related offense shall be dismissed on the defendant’s motion unless a motion by such defendant for consolidation of such charges has been previously denied, or unless such defendant has waived his right to consolidation, or unless the prosecution has been unable, by due diligence, to obtain sufficient evidence to warrant charging such other offense or offenses.
(d) A defendant may plead guilty or nolo contendere to a charge of one offense on condition that other charges or related offenses be dismissed or that no charges of other related offenses be instituted. Should the court find that such condition cannot be fulfilled, the plea shall be considered withdrawn.
Had the appellant been adjudicated guilty of the original aggravated battery charge, and had the adjudication not in any way been undone, his argument that he cannot be retried would have merit. Kilpatrick v. State, 262 So.2d 472 (Fla. 3d DCA 1972). However, the verdict of the jury, i.e., guilty of aggravated assault, was set aside due to trial error, and appellant’s motion for a new trial was granted. While the omitted charge of aggravated battery and the substituted charge of aggravated assault arose from the same act, the appel *477 lant has not been subjected to double jeopardy, nor to the persecution rule 3.151(c) was designed to prevent.