598 So.2d 230 (1992)
Marlon HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00978.
District Court of Appeal of Florida, Second District.
May 8, 1992.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
The appellant, a juvenile, charged by information as an adult, challenges his convictions and departure sentences for burglary with an assault and three counts of burglary. We affirm his convictions in all respects. We also affirm the sentencing of the appellant as an adult. The order of the trial court together with the transcript of the sentencing hearing contains sufficient findings to satisfy the requirements of section 39.059(7), Florida Statutes (Supp. 1990). We reverse the guidelines departure sentence however, and remand for resentencing within the recommended range.
The appellant raises three separate challenges to his guidelines departure sentence. He first contends that since the trial court's written reasons for departure were filed four days after he was sentenced, his sentence must be reversed and remanded for resentencing within the guidelines. Under Ree v. State, 565 So.2d 1329 (Fla. 1990), it is reversible error for a trial court to sentence a defendant outside of the guidelines recommendation without providing contemporaneous written reasons *231 for that departure. In this case, the trial court informed the attorneys that it would file its written reasons for departure, to correspond with the reasons given at the sentencing hearing, during the next week. The state argues that since the appellant did not object when the court outlined the procedure to be followed, the appellant knowingly waived this argument. See Vidal v. State, 300 So.2d 688 (Fla. 3d DCA 1974). We find no authority for applying such a waiver to the requirements under Ree. We therefore reverse the departure sentence for this reason.
The appellant next claims that the trial court abused its discretion in scoring victim injury as severe or death. The trial court took testimony from one of the victims, Helen Higgins, as to the extent of the injuries she suffered during the burglary. Ms. Higgins testified that she required stitches on the right side of her head, that medical personnel wanted to suture her knee but she declined, and that her back and neck were injured, requiring her to visit a chiropractor 70 to 100 times during the preceding one and one-half years. Based upon this testimony, the trial court stated, "I'll make a specific finding that Ms. Higgins' injury is physically severe... ." Because there is evidence in the record to support the trial court's finding, we find no abuse of discretion in the scoring of the victim's injury.
Lastly, the appellant argues that the trial court's reasons for departing from the guidelines were legally insufficient. Because we are remanding for resentencing within the guidelines, pursuant to Ree v. State, it is not necessary to reach this issue. However, we have in fact considered the reasons and find that none of them are legally sufficient for departure.
Accordingly, we affirm the convictions, but reverse and remand for resentencing within the sentencing guidelines.
DANAHY, A.C.J., and PARKER, J., concur.