ALTENBERND, Judge,
concurring.
When the acting circuit court judge announced the departure sentence in this ease, it is clear that he accepted the state’s argument concerning the defendant’s escalating pattern of criminal conduct. The judge, undoubtedly more familiar with misdemeanor sentencing procedures, did not provide contemporaneous reasons for the departure. Instead, he prepared and signed written reasons for departure on the same day as the hearing, and filed those reasons a few days later.
This court has held that the defendant need not object at the sentencing hearing in order to preserve for direct appeal the trial court’s failure to provide a contemporaneous written reason for departure. Hall v. State, 598 So.2d 230 (Fla. 2d DCA 1992). Thus, if the defense attorney realizes the trial court has forgotten to announce and write down a valid reason during the hearing, the attorney can stand silent, confident that such silence will preserve the issue for appeal.
Although there is a legitimate concern that a defendant’s attorney should not be expected to object when the objection would likely result in a longer legal sentence for his client, the requirement of a contemporaneous written reason is sufficiently procedural that I would require a defendant to object to preserve the issue for appeal. Nevertheless, I agree that this case is controlled by Hall. Accordingly, assistant state attorneys should be aware that a departure sentence will not be upheld unless the state assures that the trial court follows the necessary procedures.