ZEHMER, Chief Judge.
Appellant, Herbert White, brings this appeal from his judgment of conviction and sentence for battery on a law enforcement officer and resisting an officer with violence. Although he raises two points on appeal, we need not reach the issue raised under point one because we find that we must reverse on point two and remand for a new trial.
Appellant was charged in a two-count information with battery on a law enforcement officer and resisting a law enforcement officer with violence, contrary to sections 784.07 and 843.01, Florida Statutes (1991), respectively. The state’s case consisted of the testimony of officers Robbins, Racer, and Frei-tas, of the Jacksonville Sheriff’s Office. Their version of the events that transpired on the evening of March 20, 1992, was as follows. During that evening, Robbins and Freitas had stopped a vehicle in front of what later proved to be Appellant’s home. While the two officers were involved in their respective duties concerning this stop, Appellant emerged from his house and, while standing in his yard, announced in an abusive and vulgar manner that the police would have to turn the blue lights off and move the police cars from in front of his house. Robbins informed Appellant that the two officers were conducting an investigation and that Appellant should calm down and leave. Appellant continued to upbraid the officers and stated he intended to “fix” Robbins by going inside to get his gun and shoot him.
Appellant then turned around and began walking in the direction of his house. Robbins, desiring to detain Appellant and to inform him he was violating the law, hopped the fence surrounding Appellant’s yard and proceeded after him. Appellant reached his house, opened the screen door, and was attempting to close it when Robbins caught up with him. Robbins intended to prevent Appellant from entering the house and therefore grabbed the door and pulled it open. Appellant turned around and punched Robbins in the face.
A general melee ensued, with Appellant and Robbins engaged in a physical confrontation that eventually included Appellant’s wife and daughter and Officer Freitas. Finally, as a result of Robbins’s activating an emergency button on his portable radio, other officers, including Officer Racer, arrived on the scene and assisted in collectively subduing Appellant. A cut in the area of Robbins’s eye required stitches, and he bruised a knuckle.
To counter the testimony of the officers, the defense presented the testimony of Appellant’s wife, his son and daughter, and that of Appellant, himself. Their version of the events placed the officers squarely in the position of the aggressors. Further, Appellant expressly denied saying that he was going to get a gun, stating that he does not own one.
During the charge conference, the trial court indicated that Appellant was not entitled to an instruction on the use of non-deadly force if the jury found he was attempting to commit, was committing, or was escaping after the commission of, an aggra *474 vated assault. Defense counsel argued that Appellant’s statement that he was going to get his gun and shoot Officer Robbins did not constitute aggravated assault, since he did not then have the present ability to carry out the threat. The court disagreed, but deferred ruling on the issue. Later, in discussing the instruction concerning justifiable use of force by a law enforcement officer, defense counsel objected on the basis that there was no aggravated assault, Appellant had not committed any other felony, and, therefore, the portion of the instruction stating the officer was justified in the use of force to arrest a fleeing felon would be improper. The court disagreed and ruled that the facts established an aggravated assault.
Thereafter, during closing argument the prosecutor referred several times to the state’s position that Appellant had committed an aggravated assault in his front yard. This argument was made to counter Appellant’s contention that he had a right to use non-deadly force in self-defense, as well as to justify the officers’ use of force against Appellant. The court instructed the jury oh Appellant’s right to use non-deadly force in self-defense and explained that the use of force was not justifiable if the jury found Appellant was attempting to commit, was committing, or was escaping after the commission of, an aggravated assault, or that he had initially provoked the use of force against himself. The court also instructed on the right of Officer Robbins to use force in arresting a fleeing felon, a theme the prosecutor used in his closing argument in conjunction with the alleged aggravated assault. Notwithstanding the obvious emphasis on the commission of aggravated assault placed by both the prosecutor and the court, the court did not instruct the jury on the basic elements of that offense. After deliberation, the jury returned a verdict finding Appellant guilty on both charges.
On appeal, Appellant challenges the propriety of these instructions, urging that the evidence did not prove he had in fact committed an aggravated assault. As Appellant points out, the offense of assault as defined in section 784.011(1), Florida Statutes (1991), involves an unlawful threat coupled with the apparent ability to carry out that threat. The major premise of Appellant’s argument is that he was not armed when he threatened Robbins with getting his. gun, and the threat to do violence was not coupled with an apparent ability to carry out the act. Appellant relies primarily on the supreme court’s decision in McCormick v. State, 153 Fla. 838, 16 So.2d 49 (1944), wherein the court ruled that the evidence was insufficient to sustain the conviction for aggravated assault when it revealed that the defendant was not armed when he made the threat, even though his shotgun was only a few feet away. Likewise, in the instant case, although the evidence certainly established a threat, it failed to show that the threat was coupled with the ability to carry out the threat through the use of a firearm.
We agree with Appellant that the activities in front of Appellant’s house did not constitute aggravated assault, and thus the court’s instructions on use of force in self-defense and the lawful use of force by police officers in arresting fleeing felons were in error. Further, this error was exacerbated by the trial court’s failure to define the elements of aggravated assault for the jury. The fact that the jury was also instructed that the use of non-deadly force was not justifiable if Appellant was found to have been the aggressor does not render this error harmless in light of the prosecutor’s emphasis in his closing arguments on the effect of the aggravated assault and in light of the trial court’s failure to define for the jury the elements of aggravated assault.
For the foregoing reasons, this cause is reversed and remanded for a new trial.
REVERSED and REMANDED.
MINER and WOLF, JJ, concur.