PER CURIAM.
Mark N. Ciuros appeals various convictions stemming from a shooting incident in a bar which involved his estranged wife and others. He also appeals the departure sentence he received and the restitution ordered for injuries to one of the victims. We find no reversible error in the issues raised which deal with the convictions. Accordingly, we affirm all his convictions. We do, however, find sentencing error and reverse for resen-tencing.
At the sentencing hearing the trial judge heard argument and orally stated the reasons to support the departure. We do not reach the sufficiency of those reasons because the judge did not file the written reasons contemporaneously, but waited until eleven days later. This was error.
We remand for resentencing within the guidelines. See Ree v. State, 565 So.2d 1329 (Fla.1990), modified by State v. Lyles, 576 So.2d 706 (Fla.1991); see also Hall v. State, 598 So.2d 230 (Fla. 2d DCA 1992). At the resentencing hearing, the trial judge should also revisit the imposition of restitution. It *913 was represented to this court at oral argument without objection that the trial judge announced at the sentencing hearing that restitution would be imposed in the amount of $7,000.. The court minutes of the sentencing hearing and the written sentence show $17,,000 restitution imposed. The incomplete excerpt of the sentencing hearing in the appellate record does not clarify this discrepancy. Since resentencing is necessary, the correct amount of restitution can be clarified at that time.
Affirmed in part, reversed in part, and remanded for resentencing.
DANAHY, A.C.J., and ALTENBERND and LAZZARA, JJ., concur.