PER CURIAM.
The appellant was charged with larceny of cash. The proof disclosed that she had' stolen checks which were negotiated through her account. This appeal ensued.
The appellant urges a variance between the allegations of the information and the proof. We find no merit to the argument. First, no such objection was made before or during the trial. Fla.App. Rule 6.7(g). There was no judicial act to which an assignment of error could be made. See: Rice v. State, 243 So.2d 226 (Fla. 4th D.C.A.1971); Fla.App. Rule 3.5(c). If a question of variance is not raised at trial, it will not be subject to review on appeal. Sharp v. State, 328 So.2d 503 (Fla. 3rd D.C.A.1976). Further, it has been held that one charged with embezzling the sum of $5,000.00 lawful United States currency was subject to conviction, when the proof demonstrated that the embezzlement was a check for said amount. See: Brown v. State, 92 Fla. 538, 109 So. 438 (1926). It has also been held that embezzlement and larceny should be pleaded with the same particularity. See: Grant v. State, 35 Fla. 581, 17 So. 225 (1895).
Therefore, for the reasons above stated [first, that it does not appear that there was a departure in the proof from the charge and, second, even if so no error was preserved] the conviction under review be and the same is hereby affirmed.
Affirmed.