405 So.2d 291 (1981)
Glenn Elbert GRISSOM, Appellant,
v.
STATE of Florida, Appellee.
No. YY-489.
District Court of Appeal of Florida, First District.
October 30, 1981.
*292 Theodore E. Mack, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Lawrence A. Kaden, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction and sentence for the offense of grand theft, upon an information alleging the unlawful taking of a "cow." At trial the state proved the unlawful taking of a male calf; appellant contends that the proof at trial thus did not conform to the allegation of the charging document, so as to preclude conviction and sentence. We find that in the circumstances of this case the variance is immaterial, and we affirm the order appealed.
Of course, the proof at trial must substantially conform to the allegations of the charging document, in order that the defendant not be misled and thereby prejudiced, and to insure against reprosecution for the same offense. See, e.g., Robinson v. State, 69 Fla. 521, 68 So. 649 (1915); cf., Fla.R.Crim.P. 3.140(o). However, where a variance between the allegations and proof is not such as to have misled the defendant or subject him to a substantial possibility of reprosecution for the same offense, the variance is immaterial and does not preclude conviction. See Hagy v. State, 347 So.2d 773 (Fla. 3d DCA 1977); Ricks v. State, 224 So.2d 413 (Fla. 3d DCA 1969). In the circumstances of the present case appellant is not subjected to a substantial possibility of reprosecution, and it is clear that he was not misled or prejudiced in his defense: appellant admitted the "taking," there was no dispute as to the animal taken, and appellant's counsel repeatedly referred to the male calf as a "cow." We therefore conclude that in this case the variance was immaterial and does not preclude conviction.
Appellant cites Higginbotham v. State, 78 Fla. 114, 82 So. 601 (1919), and Mobley v. State, 57 Fla. 22, 49 So. 941 (1909), but these authorities are unavailing in the present case. Neither Higginbotham nor Mobley involved circumstances similar to this case, and the decision in Mobley is expressly predicated upon a larceny statute which distinguishes "cow" and "steer;" the present theft statute, § 812.014, Florida Statutes, is dissimilar and without any such specification or distinction.
Accordingly, the order appealed is affirmed.
ERVIN and JOANOS, JJ., concur.