JOANOS, Judge.
D.C. has appealed from an adjudication of delinquency based on a petition for delinquency alleging aggravated battery, contrary to Section 784.045, Florida Statutes (1989). We affirm the adjudication of delinquency, not for aggravated battery but for simple battery.
While a resident of the Father Flanagan Boys’ Home in Leon County, Florida, D.C. became enraged over a delay in his scheduled counseling session. He began to kick doors and walls, and otherwise cause damage of uncertain value to Boys’ Home property. During this episode, D.C. obtained a can of spray deodorant from a storage closet, and when the victim, a counselor at the Home, attempted to subdue him, he sprayed her with the deodorant at close range. The fumes from the spray caused the victim to cough so that she could not catch her breath, and she later underwent treatment at a local emergency room before stabilizing.
A petition for delinquency was filed alleging that D.C. had committed an aggravated battery against the victim. Section 784.045(l)(a), Florida Statutes (1989) provides that a person commits aggravated battery who, in committing a battery, either intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement, or uses a deadly weapon. The petition herein alleged that D.C. committed aggravated battery with a deadly weapon, defined as “a can of Brut 33 men’s aerosol spray.”
At the hearing on the petition, the defense moved for reduction of the aggravated battery charge to simple battery. The motion was based on the state’s alleged failure to show that the manner in which the spray was used made it a deadly weapon. The state countered that a deadly weapon was any weapon used in a way *1000 likely to cause great bodily harm. The court agreed and denied the defense motion, finding that “this particular substance was used in a way likely to produce great bodily harm and did produce such harm.” The subsequent defense motion for judgment of acquittal was similarly denied, and D.C. was adjudicated delinquent based on the commission of an aggravated battery.
A deadly weapon is 1) any instrument which, when it is used in the ordinary manner contemplated by its design and construction, will or is likely to cause death or great bodily harm, or 2) any instrument likely to cause great bodily harm because of the way it is used during a crime. E.J. v. State, 554 So.2d 578, 579 (Fla. 3d DCA 1989). Whether a weapon is deadly is a question of fact to be determined under all the circumstances, taking into consideration the weapon and its capability for use. EJ. at 579.
Here, the alleged deadly weapon is a can of deodorant spray. Obviously, using deodorant spray “in the ordinary manner contemplated by its design and construction,” will not cause death or great bodily harm. Therefore, the issue is whether spraying deodorant on a person’s body at close range is likely to do so. However, the state presented no evidence on this issue, but showed only that this particular victim suffered some harm. Other courts have found such proof irrelevant when the state charges aggravated battery, not based on great bodily harm, but on the use of a deadly weapon. See, Lee v. State, 444 So.2d 580, 581 (Fla. 5th DCA 1984); accord Edwards v. State, 530 So.2d 936, 938 (Fla. 4th DCA 1988), affirmed 548 So.2d 656 (Fla.1989).
We therefore find that, based on the foregoing authorities, there was insufficient evidence to support the trial court’s conclusion that the deodorant as used in this case was a deadly weapon. However, the defense conceded below and on appeal that the evidence supports an adjudication of delinquency for simple battery, and we agree. Accordingly, we affirm the adjudication of delinquency, not for aggravated battery but for simple battery.
Affirmed as modified.
SHIVERS, C.J., and ZEHMER, J., concur.