672 So.2d 580 (1996)
William Donald TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1360.
District Court of Appeal of Florida, First District.
April 16, 1996.
Rehearing Denied May 3, 1996.
*581 Nancy Daniels, Public Defender, Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
MICKLE, Judge.
William Donald Taylor (Appellant) appeals a judgment and sentence on the grounds 1) that the evidence is legally insufficient to support conviction in Count I, 2) that the trial court erroneously adjudicated him guilty of a crime (Count II) of which the jury had acquitted him, and 3) that the written order setting forth various costs erroneously includes certain costs that were not orally pronounced. We affirm the judgment and sentence in Count I, reverse the conviction in Count II, and direct the trial court to strike those costs in the written order that were not orally pronounced.
In Count I, the state charged Appellant with aggravated battery by use of a deadly weapon, "a tire tool." Appellant claims that the trial court should have granted his motion for judgment of acquittal, which he made at the end of the state's case and renewed at the end of all evidence. On review, we must resolve the evidentiary conflicts and all inferences therefrom in favor of the ruling. Tibbs v. State, 397 So.2d 1120 (Fla.1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). The state's witnesses testified that late one night while Appellant resided at, and Frank Smith visited, the residence of Appellant's brother (Andrew) and Andrew's wife (Lillian), Appellant intentionally struck Smith on top of the head with a crowbar. The wound split open the victim's head, caused him to bleed and lose consciousness, and necessitated treatment at a hospital. The jury convicted Appellant as charged in Count I.
Appellant offers two grounds for reversal based on the evidence. First, he argues that the reference in the information to use of "a tire tool" varies from the proof at trial that indicated that Appellant used a crowbar. While proof of a crime separate and distinct from the crime charged can constitute a fatal variance, see Rose v. State, 507 So.2d 630, 632 (Fla. 5th DCA 1987), not every variance between allegation and proof is fatal. Donaldson v. State, 356 So.2d 351, 352 (Fla. 1st DCA), cert. den., 362 So.2d 1052 (Fla.1978). In Grissom v. State, 405 So.2d 291 (Fla. 1st DCA 1981), we held that if the proof substantially conforms to the allegations in the information, so that the defendant is neither misled nor prejudiced, any error is harmless. Id. at 292.
We think this first issue was waived. In opening statements, the prosecutor stated that the evidence would show that Appellant "did strike Frank Smith with a crowbar. "(Emphasis added). During the trial, defense counsel used the terms "tire tool" and "crowbar" interchangeably. The investigating police *582 officer testified that Appellant had admitted using "a tire tool" upon the victim, and the officer confirmed that the instrument looks like a crowbar. Given these circumstances, we conclude that Appellant received proper notice of the slight variance between the terms "tire tool" and "crowbar." Error, if any, is harmless inasmuch as Appellant has not demonstrated that he was misled or prejudiced thereby. Grissom, 405 So.2d at 292.
As a second basis for reversal, Appellant argues that the state failed to establish that he used a "deadly weapon" pursuant to the aggravated battery statute, section 784.045(1)(a)2, Florida Statutes. In D.C. v. State, 567 So.2d 998 (Fla. 1st DCA 1990), we addressed a similar question and stated:
A deadly weapon is 1) any instrument which, when it is used in the ordinary manner contemplated by its design and construction, will or is likely to cause death or great bodily harm, or 2) any instrument likely to cause great bodily harm because of the way it is used during a crime.
Id. at 1000; E.J. v. State, 554 So.2d 578, 579 (Fla. 3d DCA 1989). Whether the crowbar is a deadly weapon is a fact question "to be determined under all the circumstances, taking into consideration the weapon and its capability for use." D.C., 567 So.2d at 1000. The state presented competent substantial evidence to show that Appellant made a surprise attack upon Smith using a metal tool wielded with sufficient force to split open the victim's head, to knock him unconscious, and to send him to the hospital. We conclude that the evidence satisfies the test set out in D.C. Accordingly, we hold that the motion for judgment of acquittal was properly denied. We affirm the Count I sentence of 79.3 months in prison, to be followed by 5 years on probation.
Count II charged Appellant with resisting arrest without violence. § 843.02, Fla.Stat. The jury acquitted Appellant of this charge. However, the judgment erroneously indicates that Appellant was found guilty in Count II and sentenced to "time already served." We vacate the conviction as to Count II. The credit for time served (15 days), subsumed in the sentence of "time already served" in Count II, should be applied to the prison term in Count I.
At the sentencing hearing on April 4, 1995, the prosecutor announced that the state was seeking $3,023.15 for restitution. The trial court orally imposed this $3,023.15, in addition to sums of $200.00, $50.00, $3.00, and $2.00 relating to various charges, fees, and court costs authorized by statute. See §§ 27.3455; 943.23(3); 960.20, Fla.Stat. In its written orders, the trial court imposed these agreed-on amounts plus "$980 court costs." The assessment of "$980 court costs," without reference to any statutory authority, is stricken. Bradshaw v. State, 638 So.2d 1024 (Fla. 1st DCA 1994). On remand, the trial court may reimpose such discretionary costs as are authorized by statute, either with reference to proper statutory authority or with a specific explanation as to what the cost assessment represents.
AFFIRMING judgment and sentence in Count I; REVERSING conviction in Count II and applying time served in Count II to the term in Count I; AFFIRMING in part and STRIKING in part the costs, with directions.
ALLEN and LAWRENCE, JJ., concur.