SCHWARTZ, Chief Judge.
We reject the defendant’s contention that the evidence does not support his conviction for aggravated battery.[1] § 784.045(1)(a), Fla. Stat. (2000).[2] Although we agree that his throwing at and *958 striking a police officer with a traffic barricade during a foot chase did not involve the use of the barricade as a “deadly weapon” so as to constitute a violation of section 784.045(1)(a) 2, see Williams v. State, 651 So.2d 1242 (Fla. 2d DCA 1995); Aiken v. State, 425 So.2d 641 (Fla. 3d DCA 1983), the judgment is affirmed under section 784.045(1)(a)1 because the record establishes that that act, which was admittedly a simple battery, “cause[dj” the officer “great bodily harm,” the tearing of a rota-tor cuff in his shoulder requiring extensive treatment and surgery, see Coronado v. State, 654 So.2d 1267 (Fla. 2d DCA 1995); Owens v. State, 289 So.2d 472 (Fla. 2d DCA 1974), which the jury could properly find occurred when he fell over the barricade. See Heck v. State, 774 So.2d 844 (Fla. 4th DCA 2000); Cunningham v. State, 650 So.2d 703 (Fla. 5th DCA 1995).[3]
Affirmed.

. Perez was also found guilty of resisting arrest with violence. There is no claim of error in that conviction.

. 784.045. Aggravated battery.—
(l)(a) A person commits aggravated battery who, in committing battery:
*958 1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
2. Uses a deadly weapon.

.As we understand the defendant's position on this issue, it is that the evidence does not appropriately demonstrate that the admittedly serious shoulder condition was "caused” by the barricade, as charged in the information, as (possibly) opposed to the physical scuffle which occurred a minute or two later when the officer finally apprehended Perez and took him into custody. As we hold, we do not agree with this contention in the light of the evidence concerning the manner in which each of the two, supposedly distinct, incidents occurred.
We emphasize, however, that even an acceptance of the defendant's position would not justify a reversal. This is because, as Perez concedes, the second incident also involved a simple battery by Perez upon the officer. Thus, at best, and without dispute, his "great bodily harm,” see § 784.045(1)(a)1, Fla. Stat. (2000), was caused by either or both batteries committed by the defendant. No matter which, he was therefore justly convicted of the crime of aggravated battery. See 1 W.L. LaFave & A.W. Scott, Substantive Criminal Law § 312, at 405 n. 68 (1986); § 312, at 410 n. 90 (Supp.2002), citing People v. Crane, 308 Ill.App.3d 675, 242 Ill.Dec. 378, 721 N.E.2d 657 (1999), appeal denied, 188 Ill.2d 569, 246 Ill.Dec. 126, 729 N.E.2d 499 (2000), cert. denied, 531 U.S. 948, 121 S.Ct. 349, 148 L.Ed.2d 281 (2000).