SCHWARTZ, Chief Judge.
The only point raised on this appeal from a finding of delinquency based upon an aggravated battery is that the three-foot long broomstick used by the juvenile’s co-respondent to strike the victim did not qualify as a deadly weapon under section 784.045(l)(a)2, Florida Statutes (2002). We disagree and affirm. See H.E.S. v. State, 773 So.2d 80 (Fla. 2d DCA 2000); Mitchell v. State, 698 So.2d 555 (Fla. 2d DCA 1997), review granted, 701 So.2d 868 (Fla.1997), approved, 703 So.2d 1062 (Fla.1997); Taylor v. State, 672 So.2d 580 (Fla. 1st DCA 1996). See generally D.C. v. State, 567 So.2d 998 (Fla. 1st DCA 1990). Compare Forchion v. State, 214 So.2d 751 (Fla. 3d DCA 1968)(broom handle thrown at victim not used as a deadly weapon); Perez v. State, 825 So.2d 957 (Fla. 3d DCA 2002)(barricade thrown at victim not used as deadly weapon).
Affirmed.