WELLS, J.
A.L.M., the respondent below, a juvenile, appeals his adjudication of delinquency for aggravated battery for intentionally striking the victim with a three-foot long broomstick, on the basis that there was insufficient evidence that respondent intended to, and did, use the broomstick to cause death or great bodily harm. We disagree and affirm.
The victim testified that respondent chased him, hit him with his fists, pushed him, and then threw him to the ground. Thereupon, respondent proceeded to hit the victim twice with a three-foot long broomstick. As a result of the beating, the victim was dazed and had various bumps and substantial bruising on his head and body. Pictures of the victim’s injuries, which were introduced into evidence, demonstrated that the victim had numerous injuries across his head, arms and back. Likewise, the police detective assigned to investigate the beating testified as to the extreme severity of victim’s injuries, including significant injuries to the victim’s head where he had been hit with the broomstick.
In a companion case involving a co-respondent who participated in the attack upon the victim, this court held that the broomstick used in this attack qualified as a deadly weapon under section 784.045(l)(a)2, Florida Statutes (2002). See E.M.M. v. State, 836 So.2d 1125, (Fla. 3d DCA 2003). There also was sufficient evidence in the record to support a finding that respondent intentionally used the broomstick to inflict great bodily harm *434 upon the victim. See Mitchell v. State, 698 So.2d 555, 558 (Fla. 2d DCA 1997), review granted, 701 So.2d 868 (Fla.1997), approved, 703 So.2d 1062 (Fla.1997) (finding an aggravated battery conviction was supported when the defendant used a BB gun as a bludgeon to strike his wife, causing two gashes on her head); Taylor v. State, 672 So.2d 580 (Fla. 1st DCA 1996)(finding that a surprise attack with a crowbar, which was wielded with enough force to split open the victim’s head, was competent substantial evidence of the use of a deadly weapon).
Accordingly, the order under review is affirmed.