KLEIN, J.
Appellant was convicted of aggravated assault with a deadly weapon. He argues that the beer bottle which he used was not a deadly weapon. We affirm.
The victim, who was a friend of appellant, testified that after they had been drinking appellant attacked her and, among other things, hit her in the head with a beer bottle which caused her to lose consciousness. The blow resulted in her having a large lump on her head.
Appellant argues that this case is distinguishable from cases in which the deadly weapon was a broken beer bottle, such as T.B. v. State, 669 So.2d 1085 (Fla. 4th DCA 1996), because the bottle in this case was not broken. A deadly weapon, however, is any instrument likely to cause great bodily harm because of the way it is used during the crime. D.C. v. State, 567 So.2d 998 (Fla. 1st DCA 1990). We conclude that whether the victim’s injury in this case constituted great bodily harm was a question of fact for the jury. Coronado v. State, 654 So.2d 1267 (Fla. 2d DCA 1995)(whether a stick which was used to beat the victim was a deadly weapon was a jury question).
We have considered the other issues raised by appellant and find them to be without merit. Affirmed.
POLEN, C.J., and GROSS, J., concur.