KLEIN, J.
As a result of his shooting the victim with darts from a blow gun, appellant was convicted of aggravated battery with a deadly weapon. The court withheld adjudication of delinquency and placed him on probation. He argues that the blow gun is, as a matter of law, not a deadly weapon. We affirm.
Appellant shot an acquaintance in the back with two darts from his blow gun. The victim was able to remove one dart, but it was necessary for him to have his mother remove the other. She testified that the dart she removed had penetrated *954 approximately one inch into her son’s back. The victim did not require medical treatment.
The blow gun was a lightweight metal shaft about thirteen inches long. The darts were six to seven inches long with sharp tips.
Our aggravated battery statute, section 784.045, Florida Statutes (2003), provides that one method of committing the crime is by committing a battery with the use of a “deadly weapon.” § 784.045(l)(a)(2), Fla. Stat. (2003).
Florida courts have defined “deadly weapon” as “1) any instrument which, when it is used in the ordinary manner contemplated by its design and construction, will or is likely to cause death or great bodily harm, or 2) any instrument likely to cause great bodily harm because of the way it is used during a crime.” D.C. v. State, 567 So.2d 998, 1000 (Fla. 1st DCA 1990); see also Cloninger v. State, 846 So.2d 1192, 1193 (Fla. 4th DCA 2003). Further, “[wjhether a weapon is deadly is a question of fact to be determined under all the circumstances, taking into consideration the weapon and its capability for use,” E.J. v. State, 554 So.2d 578, 579 (Fla. 3d DCA 1989), and “[i]f, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.” Pagan v. State, 830 So.2d 792, 803 (Fla.2002).
V.M.N. relies on C.A.C. v. State, 771 So.2d 1261, 1262 (Fla. 2d DCA 2000), in which the second district found that a fork was not a deadly weapon despite its being used to forcibly stab a child in the back. In C.A.C., a ten-year-old, who just before had been using the fork to eat watermelon, stabbed a nearby eleven-year-old with the utensil during a fight. The stabbing caused “scratches, swelling, and puncture marks, which did not require medical treatment,” but the court held that the fork was not a deadly weapon through ordinary use and that there was insufficient evidence to support its classification as a deadly weapon as used in C.A.C.’s case. We find (7.AC. distinguishable in that the darts used in the present case were much sharper than a household fork and could be propelled at a distance from a device which is not an ordinary household utensil.
Florida courts have labeled objects as deadly weapons because of how they were used by defendants when the objects were propelled but not sharp, A.H. v. State, 577 So.2d 699 (Fla. 3d DCA 1991) (baseball-sized rock that hit a wall five to ten feet from victim), and when they were sharp but not propelled. McCoy v. State, 493 So.2d 1093 (Fla. 4th DCA 1986) (small pocket knife, which was not a deadly weapon per se, that defendant merely waved at potential victims without attempting to stab them). In addition, the finding that an object is a deadly weapon has been upheld even where no direct evidence establishing the object’s capacity to produce great bodily harm was offered and only minimal injury was actually sustained by the victim. See Cloninger v. State, 846 So.2d 1192 (Fla. 4th DCA 2003) (an unbroken beer bottle that caused a lump on victim’s head).
In view of these cases, we conclude that the evidence was sufficient to establish that the blow gun was a deadly weapon and accordingly affirm.
FARMER and GROSS, JJ., concur.