BILBREY, J.,
concurring..
In a “Stand Your Ground” immunity hearing, the trial court resolves contested issues of fact in determining whether a defendant is immune from prosecution under section 766.032, Florida Statutes. Peterson v. State, 983 So.2d 27, 29 (Fla. 1st DCA 2008), app’d sub. nom. Dennis v. State,, 51 So.3d 456 (Fla.2010). Here the trial court heard testimony, had the sfick wielded by Rudin’s father admitted into evidence,- and also had photographs showing the injury to Rudin’s hand where he was struck by his father. The trial court, as finder of fact, was permitted to determine that the stick used by Rudin’s father was not a deadly weapon and therefore *727 Rudin was not entitled to immunity when he used deadly force against his father.[1]
The determination of whether an item is a deadly weapon is an issue for the trier of fact. Dale v. State, 703 So.2d 1045, 1047 (Fla.1997); D.C. v. State, 567 So.2d 998 (Fla. 1st DCA 1990). As we stated in D.C.,
A deadly weapon is 1) any instrument which, when it is used in the ordinary manner contemplated by its design and construction, will or' is likely to cause death or great bodily harm, or 2) any instrument likely to cause great bodily harm because of the way it is used during a crime.
Id. at 1000.[2]
An appellate court reviews the factual findings on whether an item is a deadly weapon by reviewing only whether competent, substantial evidence supports the determination. See Dale; Coronado v. State, 654 So.2d 1267, 1270 (Fla. 2d DCA 1995) (finding that competent, substantial evidence supported a jury’s determination that the stick used by the defendant was a deadly weapon). It has, long been settled that a large stick can be a deadly weapon. Lindsay v. State, 67 Fla. 111, 64 So. 501 (1914). A broomstick has been found to be and to not be a deadly weapon by different courts depending on the evidence. Compare E.M.M. v. State, 836 So.2d 1125 (Fla. 3d DCA 2003), with Brown v. State, 86 So.3d 569. (Fla. 5th DCA 2012).
The ability of the fact finder to view the purported deadly weapons is a key consideration in an appellate court’s evaluation of whether competent, substantial evidence supports the finding. See Dale. Whether a stick is deadly depends on physical property of the stick (ebony or'balsa wood, steel rod or plastic?), ■ the person wielding the stick, the force and frequency of the blows, and the relative physical abilities and capabilities of the defendant and the victim. See Fla. Std. Jury Inste. (Crim.) 3.6(f) & 8.4. Because competent, substantial evidence supports the trial court’s finding (the trial court having seen the actual stick and the wound inflicted with the stick by his father on Rudin), the trial court’s determination that Rudin was not entitled to immunity must be affirmed.

. The ''deadliness” of some weapons is readily apparent like a firearm or a large knife. Lee v. State, 100 So.3d 1183, 1185 (Fla. 2d DCA 2012). Many objects that are not readily apparent as deadly can be deadly weapons depending on the circumstances such as the composition of the object, how it is used, and who it is used against. See Lee, 100 So.3d 1186 (upholding a jury’s" finding that "big tennis-shoe” was a deadly weapon); Smith v. State, 969 So.2d 452 (Fla. 1st DCA 2007) (bleach); V.M.M. v. State, 909 So.2d 953 (Fla. 4th DCA 2005) (blow gun and darts); Nguyen v. State, 858 So.2d 1259 (Fla. 1st DCA 2003) (stun gun); Martin v. State, 747 So.2d 474 (Fla. 5th DCA-1999) (pocketknife); A.H. v. State, 577 So.2d 699 (Fla. 3d DCA 1991) (baseball-sized rock).