# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Nos. 1D17-3602
1D17-3603
1D17-3604
1D17-3605
1D17-3596
1D17-3597
1D17-3598
(Consolidated for disposition)

_____

S.G., a child,

  Appellant,

  v.

STATE OF FLORIDA,

  Appellee.

_____

On appeal from the Circuit Court for Leon County.
Robert E. Long, Judge.

June 28, 2018

PER CURIAM.

  S.G., who attacked and injured her father with a 6-8" shard of broken mirror glass and smashed a picture frame over his head all while threatening to kill him, challenges her conviction for aggravated battery with a deadly weapon, claiming the shard did not constitute a deadly weapon because it is not ordinarily considered such a weapon, was not converted into one by its use in

this case, and caused only a "scratch" that healed by the time of trial.

Though the aggravated battery statute does not define what constitutes a "deadly weapon," it has been judicially defined as "1) any instrument which, when used in the ordinary manner contemplated by its design and construction will or is likely to cause great bodily harm, or 2) any instrument likely to cause great bodily harm because of the way it is used during a crime." *Smith v. State*, 969 So. 2d 452, 454–55 (Fla. 1st DCA 2007) (quoting *V.M.N. v. State,* 909 So. 2d 953, 954 (Fla. 4th DCA 2005)). While a piece of broken glass, whether a mirror, a window, or a beer bottle, may not ordinarily be a deadly weapon by itself, the context in which the item is used can transform it into one. *Cloninger v. State*, 846 So. 2d 1192 (Fla. 4th DCA 2003) (affirming determination that unbroken beer bottle could be deadly weapon); *Brown v. State*, 787 So. 2d 58 (Fla. 2d DCA 2001) (stating that evidence supported the finding that a glass bottle could be used as a deadly weapon); *see also State v. Shilling*, 889 P.2d 948, 950 (Wash. Ct. App. 1995) (Beer "glass is not a per se deadly weapon; thus, the inherent capacity and 'the circumstances in which it is used' determine whether the weapon is deadly."); *Harris v. State*, 705 So. 2d 542, 548 (Ala. Crim. App. 1997) ("Although a glass bottle is not specifically included in the list of weapons defined as 'deadly weapons,' a bottle may be 'adapted for the purposes of inflicting death or serious physical injury,' and may therefore be a 'deadly weapon.'"); *Pauls v. State*, 476 A.2d 157, 160 (Del. 1984) ("The end of a shattered glass bottle, with its ragged, jagged, sharp cutting edges, is clearly capable of causing death. It is well known to be as deadly as those objects listed in the statute as deadly weapons.").

There was evidence from which the factfinder could determine that S.G. intended to use the shard to cause severe harm or death to her father, who was fearful and distraught; S.G. had already cut herself in multiple locations and was "angry, cussing, using all kind of crazy language" as she slashed the shard toward him. That his injuries healed and left no permanent damage doesn't undermine the fact that the shard could have caused far worse harm, such as loss of an eye. *State v. Pomeroy*, 573 P.2d 805, 808 (Wash. Ct. App. 1977) ("One of the victim's eyes had to be removed as a result of the blow [from the broken beer bottle].").

Because the shard from the broken mirror was likely to cause great bodily harm as used by S.G. against her father, the trial court correctly determined it was a "deadly weapon" and denied S.G.'s motion for judgment of acquittal.

AFFIRMED.

MAKAR, WINOKUR, and WINSOR, JJ., concur.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

Andy Thomas, Public Defender, and John W. Hedrick, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.